# BAER *v.* MORAN BROTHERS COMPANY.

ERROR TO THE SUPREME COURT OF THE STATE OF WASHINGTON.

No. 683.   Argued April 18, 19, 1894. — Decided April 20, 1894.

This court cannot take judicial notice of the nature and extent of tide lands or mud flats.

Land alternately covered and uncovered by the tide is strictly within the description of tide lands, and is covered by the settled rule in respect to such lands.

*Mann* v. *Tacoma Land Company*, *ante*, 273, followed.

THE case is stated in the opinion.   This case was argued with *Mann* v. *Tacoma Land Company*, *ante*, 273, where will be found the argument of *Mr. Mitchell* for the plaintiff in error.

*Mr. John H. Mitchell*, (with whom were *Mr. Beriah Brown, Jr.*, and *Mr. M. L. Baer* on the brief,) for plaintiff in error.

*Mr. W. C. Jones*, Attorney General of the State of Washington, filed a brief on behalf of the State, intervenor.

*Mr. Frederic D. McKenney* for Dearborn, intervenor.

*Mr. John P. Fay* filed a brief for same.

MR. JUSTICE BREWER delivered the opinion of the court.

This case comes before us on error to the Supreme Court of Washington.   The questions are mainly similar to those in the case of *Mann* v. *Tacoma Land Company*, just decided.

The plaintiff described the land in his complaint as " at the time of its selection by said plaintiff unoccupied and unappropriated public land of the United States not mineral, in this, that the said tract of land was situated in the Territory of Washington, was a portion of the tide flats, covered and un-covered by the ebb and flow of the tide, was uncovered at

ordinary low tide and was covered with water at ordinary high tide, and had never been set apart by the United States for any particular use." This shows that the land at the time of its entry was, strictly speaking, tide lands, and, with this as the sole description, there would be nothing to distinguish the case from the one just decided. There is, however, this further description: " Beginning at a point 688 feet south and 660 feet west of the east one-fourth post of sec. 6, t'p 24 N., R. 4 E., W. M., thence west 150 feet, thence south 210 feet, thence east 150 feet, thence north 210 feet to place of beginning, being the premises covered by Moran Brothers Company's foundry and machine shops."

Upon this plaintiff contends that the premises are not to be taken as a part of the shore or tide lands bordering on navigable water, inasmuch as they are shown to be devoted to manufacturing uses; that this court will take judicial knowledge of what are known as " mud flats," lying on and adjacent to the waters of Puget Sound, and that the land in dispute is a part of a large tract of over 3000 acres of such " mud flats," extending for a distance of from two and one-half miles in length to three miles in width, on the outskirts of a bay on Puget Sound, and near the city of Seattle, as shown by the official maps of the United States Coast and Geodetic Survey. But the averment of the complaint is that the land was unoccupied at the time of its selection by the plaintiff, and its condition as a part of the shore or tide lands is not changed by the magnitude of the surrounding tract which, covered and uncovered by the flow and ebb of the tide, exists between the upland and navigable waters, or the use to which it may subsequently be put.

We do not understand that we can take judicial notice of the nature and extent of the tide lands or " mud flats " in the vicinity of this particular tract. Even if we could, or if the area thereof was shown to be as great as is stated by counsel in the brief, it would not change the fact that the land thus alternately covered and uncovered and between the dry upland and the navigable water is land which may be used in facilitating approach to the navigable waters from the upland,

and is strictly within the description of " tide lands," and cov-
ered by the rule in respect to such lands.

We see nothing to distinguish this case from the one just
decided, and, therefore, the judgment of the Supreme Court
of the State of Washington is

*Affirmed.*