(112 App. Div. 723)

## CITY OF WATERTOWN v. RODENBAUGH.

(Supreme Court, Appellate Division, Fourth Department.   May 2, 1906.)

1. MUNICIPAL  CORPORATIONS—ORDINANCES—VIOLATION — PROSECUTION — EVI-
DENCE—SUFFICIENCY.

   In a prosecution for violation of an ordinance forbidding the distribut-
ing of sample packages of merchandise without a license, but providing
that it should not apply to merchants and other residents of the city
distributing bills or advertising the business in which they were engaged,
evidence that defendant distributed packages, stating that she was doing
the work for the local groceries, did not support a conviction.

2. LICENSES—ORDINANCES—CONSTITUTIONALITY—CLASS  LEGISLATION.

   An ordinance declaring that no person shall engage in the business of
bill posting, bill distributing, or distributing sample packages of mer-
chandise without a license, but providing that it shall not apply to mer-
chants and other residents of the city distributing bills or advertising the
business in which they are engaged in the city, nor to religious, benevo-
lent, labor, or social organizations, distributing advertisements of their
meetings, entertainments, etc., is class legislation.

   [Ed. Note.—For cases in point, see vol. 32, Cent. Dig. Licenses, § 12.]

   Williams, J., dissenting.

Appeal from Jefferson County Court.

Action by the city of Watertown against Lillian Rodenbaugh to
recover a penalty for violation of a city ordinance.   From a judgment
for plaintiff, defendant appeals.   Reversed.

Argued before McLENNAN, P. J., and SPRING, WILLIAMS,
NASH, and KRUSE, JJ.

Eugene M. Bartlett, for appellant.
I. H. Breen, for respondent.

KRUSE, J.   The ordinance for the violation of which the defend-
ant was convicted provides:

"Section 1. No person shall engage in the business of bill posting, bill dis-
tributing or sign-advertising of any kind, or in distributing sample packages
of merchandise, or in any other like method of advertising in this city, without
license so to do granted by the common council."

Sections 2 and 3 relate to the granting of the licenses, and fixing
the charges which the licensee may make for the business he is licensed
to do.

Section 4 provides:

"Nothing in section one, two or three shall be construed to apply to legal
notices or to prevent merchants and other residents of this city from distribut-
ing bills or advertising the business in which they are directly engaged in
this city, nor to prevent any religious, benevolent, labor or social organiza-
tion of this city from distributing or advertising its meetings, entertainments
or other subjects of like nature.   Legal notices nevertheless, shall only be
posted at such places as  ive been or may hereafter be provided or designated
for such purpose by the common council."

Other sections forbid scattering or placing advertisements in certain
places, and regulate billboards.   The license fee is fixed at $50 per
year, and a violation of the ordinance is punishable by a fine of $10.
The defendant was fined $10 for violating section 1 of this ordinance,
and it is the judgment imposing this fine which we are asked to review.

What she did which it is claimed subjected her to this penalty was distributing in the city on one occasion, September 6, 1904, sample packages of Mapl-flake, a breakfast food manufactured at Battle Creek, Mich. She used a horse and wagon and two boys in distributing the packages, a boy on each side of the street handing them into the houses. She stated to one of the witnesses that she was working for the Mapl-flake people of Battle Creek, Mich., and doing the work for the local groceries. It was admitted that she had no license. No testimony was given on her behalf, but at the close of the plaintiff's case a motion was made to dismiss the complaint, upon the ground that the plaintiff had failed to make out a cause of action, and upon the further ground that the ordinance was unconstitutional in that it restricted freedom of trade, was against public policy, and in violation of the interstate commerce law. The motion was denied, and judgment rendered for the plaintiff.

We think the judgment is erroneous, and that it, as well as the judgment of affirmance of the County Court, should be reversed.

1. Assuming the ordinance to be valid, the proof does not seem to establish that the defendant violated its provisions. Section 4 of the ordinance expressly provides that nothing contained in section 1, 2, or 3 shall be construed to prevent "merchants and other residents of this city from distributing bills or advertising the business in which they are directly engaged in this city." If a merchant is thus permitted to advertise his business, he need not do it personally to bring himself within the exception contained in this section, but may employ others, and the proof shows that the defendant was doing this work for the local groceries. Again, the ordinance assumes to prevent any unlicensed person from engaging in the business referred to, and it may well be questioned whether a person who upon one occasion only distributes sample packages under circumstances here disclosed can be said to be engaged in the business, within the meaning of this ordinance; keeping in mind the exceptions contained in section 4 and the rules by which the validity of the ordinance must be tested.

2. If the construction contended for on behalf of the city is to be placed upon this ordinance, and the acts of the defendant to be regarded as engaging in the business of distributing sample packages, within the meaning of section 1 of the ordinance, then we think the ordinance unconstitutional and void so far as it prevents a nonresident of the city or one class of persons from doing what a resident or another class is permitted to do. It not infrequently happens in urban communities that telegraph poles and other available places are placarded, streets and public places littered with handbills and other advertising matter, and billboards become nuisances, and even homes and private premises invaded by the bill circulator and sample package distributor without leave or license and against the protest of the owner; and it may have been entirely proper for the common council to intervene and regulate the business in this city, and its power may be adequate to do so under the general welfare clause of its charter, (Laws 1897, p. 1038, c. 760, § 43), and the special provisions made in subdivision 12 of that section relating to bill posting, bill distributing, and sign advertising; but in exercising that power it may not unjust-

ly discriminate against any particular class. No good reason occurs to us, and none is suggested by the counsel who are seeking to uphold this judgment, for permitting resident merchants to press upon the attention of the people of this city their wares in this manner, and forbid nonresident tradesmen from doing so except through the official billposter of the city.

While municipal ordinances passed in pursuance of the authority of the Legislature have the force of law, and are as obligatory as if enacted by the Legislature itself (City of Buffalo v. N. Y., L. E. & W. R. R. Co., 152 N. Y. 276, 280, 46 N. E. 496), and the right of a city to regulate billposting has been upheld under a statute conferring such power in terms similar to the provisions of this charter, to which attention has been called (City of Rochester v. West, 164 N. Y. 510, 58 N. E. 673, 53 L. R. A. 548, 79 Am. St. Rep. 659; Gunning System v. City of Buffalo, 75 App. Div. 31, 77 N. Y. Supp. 987), yet such law, whether enacted by local legislative authority or by the Legislature itself, must be consistent with our state and federal Constitutions; and if the construction contended for on behalf of the city is to be given to this ordinance, and what the defendant did is to be regarded as coming within its prohibitions, then we think the ordinance must be condemned as class legislation. The rule that an ordinance must be reasonable applies with particular force to ordinances imposing license fees or business taxes, and such an ordinance must not discriminate against nonresidents. or persons engaged in the sale of property produced or manufactured outside the municipality. 21 Am. & Eng. Ency. (2d Ed.) 783, 784; City of Buffalo v. Reavey, 37 App. Div. 228, 55 N. Y. Supp. 792. Whether the defendant was distributing these sample packages for the Michigan manufacturers or the local merchants in Watertown, we think she was improperly convicted.

The judgment of the County Court and that of the City Court should be reversed, with costs.

SPRING, J., votes for reversal on the ground that the ordinance in question was unconstitutional. WILLIAMS, J., dissents.