THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* SAM COHEN, JULIUS SILBERMAN, HARRY SPECTOR, BENNY KOBRINSKY, SOL FLEISCHMAN, JACK ZASLOW, THEODORE REISS, SIDNEY SEIDORF, ABRAHAM BERKOWITZ and MORRIS SIPORIN, Appellants.

(Argued November 30, 1936; decided December 31, 1936.)

*Irving Davis, Murry Levine* and *David P. Siegel* for appellants.

*William Copeland Dodge,* District Attorney (*Edwin J. Talley* of counsel), for respondent.

*Per Curiam.* Defendants violated the following provisions of section 9-d of chapter 27 of the Code of Ordinances of the City of New York; " No fruits, vegetables or other foodstuffs intended for human consumption shall be kept, sold, offered for sale or displayed in any open window, space or doorway of any private market

or building, used for the purpose of retail or wholesale trade; nor shall such foodstuffs be kept, sold, offered for sale or displayed within 36 inches of such doorway; nor shall such premises have any detachable windows or doors. The provisions of this section shall only apply to the following area: In the borough of Manhattan, along both the easterly and westerly sides of Broadway, from 59th Street to 116th Street, inclusive."

If this ordinance were intended to promote public health or the general welfare, if it applied generally to the entire city or even only to such an area within the city as would reasonably require such a limitation upon the rights of merchants, doubtless it would be deemed valid within the exercise of the police power.

The complainant in this prosecution is the West Side Realty Company whose attorney was present at and assisted in the trial. He stated: " *The real reason behind this ordinance is to prevent the depreciation of realty;* that outside residents coming to Broadway, and in shopping there, people would run over from the street, pick up their oranges and other fruits, throw the waste on the street and walk off. The purpose of the ordinance is to eliminate all that, your Honor, *for the sake of the neighborhood.*"

This ordinance appears from all the evidence in the case to be wholly arbitrary in that its purpose is to favor real estate values in a restricted section of the city where conditions are not dissimilar from those existing in many other areas. It bears no relation to the welfare of the public but is designed for the convenience and interest of a special class.

As to each defendant the judgment should be reversed and the information dismissed.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgments reversed, etc.