THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* HARRY KLINGE, Appellant.

Argued December 2, 1937; decided January 4, 1938.

*George A. Spohr, Jr.,* and *Pasquale E. Conforti* for appellant. The ordinance is wholly invalid and void. It is an unreasonable, arbitrary, oppressive and capricious exercise of police power and violates the Fourteenth Amendment of the United States Constitution and sections 1 and 6 of article 1 of the New York State Constitution. (*City of Buffalo* v. *Linsman,* 113 App. Div. 584; *People* v. *Gilbert,* 68 Misc. Rep. 48; *Colon* v. *Lisk,* 153 N. Y. 188; *Stuart* v. *Palmer,* 74 N. Y. 183; *Gilman*

v. *Tucker*, 128 N. Y. 190; *City of Buffalo* v. *N. Y. C. R. R. Co.*, 125 Misc. Rep. 801; *New State Ice Co.* v. *Liebmann*, 285 U. S. 262; *Lawton* v. *Steele*, 152 U. S. 133; *People* v. *Cohen*, 272 N. Y. 319; *People* v. *Kuc*, 272 N. Y. 72; *Matter of Jacobs*, 98 N. Y. 98; *Cowan* v. *City of Buffalo*, 247 App. Div. 591; *N. Y. Sanitary Co.* v. *Dept. of Health*, 61 App. Div. 106; *General Baking Co.* v. *City of Saratoga Springs*, 149 Misc. Rep. 92; *Virgo* v. *City of Toronto*, 22 Can. Sup. Ct. 447; *People* v. *Wilson*, 249 Ill. 195; *Chaddock* v. *Day*, 75 Mich. 527.)

*Edwin C. Morsch* and *Edwin B. Goddin* for New York Dugan Brothers, Inc., *amicus curiæ*. The ordinance is void. (*City of Buffalo* v. *Linsman*, 113 App. Div. 584; *People* v. *Gilbert*, 68 Misc. Rep. 48; *People* v. *Cohen*, 272 N. Y. 319; *People* v. *Ringe*, 197 N. Y. 143; *Wright* v. *Hart*, 182 N. Y. 330.)

*Charles P. Sullivan, District Attorney* (*John H. W. Krogmann* of counsel), for respondent. Section 153 of chapter 23 of article 13 of the Code of Ordinances of the City of New York violates neither the Constitution of the United States nor of the State of New York and it is a reasonable exercise of the police power. (*Matter of Wulfsohn* v. *Burden*, 241 N. Y. 288; *Waldorf-Astoria Hotel Co.* v. *City of New York*, 212 N. Y. 97; *People* v. *May*, 98 Misc. Rep. 561; *People ex rel. Van Norder* v. *Sewer Commission*, 90 App. Div. 555; *People* v. *Horowitz*, 27 N. Y. Crim. Rep. 237; *Biddles, Inc.*, v. *Enright*, 239 N. Y. 354; *People ex rel. Publicity Leasing Co.* v. *Ludwig*, 219 N. Y. 553; *People* v. *Griswold*, 213 N. Y. 92; *Adler* v. *Deegan*, 251 N. Y. 467; *People* v. *Nebbia*, 262 N. Y. 259; *Matter of City of New York Housing Authority* v. *Muller*, 270 N. Y. 333; *Matter of Stubbe* v. *Adamson*, 220 N. Y. 459; *People* v. *Gillson*, 109 N. Y. 389; *People* v. *Beakes Dairy Co.*, 222 N. Y. 416; *People ex rel. Bryant* v. *Zimmerman*, 241 N. Y. 405.)

*Paul Windels, Corporation Counsel* (*Paxton Blair* of counsel), for City of New York, *amicus curiæ*. The ordinance is directed toward the lessening of obstructions

and incumbrances on the public streets in a region where they had become a menace to the public health, safety and general welfare. It is, therefore, constitutional. (*Block* v. *Hirsh*, 256 U. S. 135; *Schmidinger* v. *City of Chicago*, 226 U. S. 578; *Metropolitan Casualty Ins. Co.* v. *Brownell*, 294 U. S. 580; *Pacific States Box & Basket Co.* v. *White*, 296 U. S. 176; *Blank* v. *Browne*, 217 App. Div. 624; *Pugh* v. *City of Des Moines*, 176 Iowa, 593; *Village of Wonewoc* v. *Taubert*, 203 Wis. 73; *Matter of Rudack* v. *Valentine*, 163 Misc. Rep. 326; 274 N. Y. 615; *Matter of Hogg*, 70 Tex. Crim. Rep. 161.) The ordinance is not rendered unconstitutional either by the confinement of its operation to particular streets, or by its lack of abstract symmetry. (*People* v. *Sanger*, 222 N. Y. 192; *Blackmer* v. *United States*, 284 U. S. 421; *Matter of Hogg*, 70 Tex. Crim. Rep. 161; *People* v. *Beakes Dairy Co.*, 222 N. Y. 416; *State* v. *Logsdon*, 215 Iowa, 1297; *Town of Green River* v. *Fuller Brush Co.*, 65 Fed. Rep. [2d] 112; *Hadfield* v. *Lundin*, 98 Wash. 657; *People ex rel. Hofeller* v. *Buck*, 193 App. Div. 262; 230 N. Y. 608; *People* v. *Russell*, 49 Mich. 617; *City of Duluth* v. *Krupp*, 46 Minn. 435; *People* v. *Kupusinac*, 261 Mich. 398; *Graffty* v. *City of Rushville*, 107 Ind. 502; *Commonwealth* v. *Gardner*, 133 Penn. St. 284; *City of Chicago* v. *Rhine*, 363 Ill. 619; *Commonwealth* v. *Fox*, 218 Mass. 498; *City of New Orleans* v. *Taranto*, 149 La. 864.)

HUBBS, J. The judgments should be reversed and the information dismissed upon the ground that chapter 23, article 13, section 153, subdivision 2 of the Code of Ordinances of the City of New York referring to the fifth ward of Queens borough is unreasonable, arbitrary, oppressive and discriminatory. (Cf. *People* v. *Cohen*, 272 N. Y. 319; *People* v. *Kuc*, 272 N. Y. 72; *Matter of Mid-State Advertising Corp.* v. *Bond*, 274 N. Y. 82.)

CRANE, Ch. J., LEHMAN, O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Judgments reversed, etc.