JACK B. SCHRAGER, Plaintiff, *v.* CITY OF ALBANY, Defendant.

Supreme Court, Special Term, Rensselaer County, July 1, 1950.

*Bernard Ellenbogen* for plaintiff.

*James J. McGuiness, Corporation Counsel* (*Samuel Jacobs* of counsel), for defendant.

TAYLOR, J.  The plaintiff seeks a judgment in this action declaring chapter 10 of the general ordinances of the City of Albany enacted May 5, 1890, as amended, invalid, void and unconstitutional and enjoining the enforcement of its provisions against him.  The motion is for an injunction *pendente lite* and the questions presented arise on the application for that relief.

The plaintiff, under the assumed business name of " Tom Thumb Ice Cream Co." is the owner and operator of a retail ice cream business and in the conduct thereof, employs salesmen to peddle and sell ice cream from trucks and other vehicles on the public streets in several cities and municipalities, including the city of Albany.  The complaint attacks the authority of the defendant to enact the ordinance under the proper and valid exercise of its police power.  It alleges that the plaintiff has an investment of approximately $90,000 consisting of thirty-five trucks, stock, refrigerators, freezers and leasehold interests in real property, that 25% of his business is done in the city of Albany and that he is losing approximately $300 daily in gross income through the enforcement of the ordinance.  He further alleges that in the latter part of April, 1949, he was notified by the officials of the City of Albany that the operation of his business was not consistent with the policy of that city and that each of the provisions of the ordinance which had only shortly before that date been amended would be strictly enforced

as a penal statute. Thereafter, ten of his employees were arrested for alleged violations of some of the provisions of the enactment, one of whom pleaded guilty and was fined, another of whom was tried by the Police Justice of the defendant city, found guilty and also fined. It is contended that considerable publicity accompanied those incidents with embarrassment and annoyance to plaintiff and his employees, resulting in the leaving of his employment by eight of them and the threatened quitting of others. The complaint asks, among other things, to restrain the city and its Police Justice from making further arrests under the ordinance and from proceeding with pending trials of plaintiff's employees in that court.

The defendant urges that the court has not jurisdiction to entertain this application for the reason that a court of equity will not stay criminal proceedings since its concern is only with the protection of civil and property rights. The exception to that rule is well stated by EDGCOMB, J., in *Cowan* v. *City of Buffalo* (247 App. Div. 591, 597) in these words: " A court of equity will assume jurisdiction, and will enjoin the enforcement of a void ordinance where its enforcement will affect property rights and work irreparable injury. The criminality of the act complained of will not act as a bar to such relief where an injunction is necessary for the protection of one's property rights." (Cf. *Biddles, Inc.*, v. *Enright*, 239 N. Y. 354; Civ. Prac. Act, § 877.)

The ordinance which is challenged is entitled " Venders, Hawkers, Peddlers " and is chapter 10 of the " Compilation of Ordinances and Relevant Statutes " of the City of Albany. It was first enacted in 1890, amended from time to time, the last amendment being the addition of section 12 thereto in July, 1948. Essentially, plaintiff attacks sections 1, 4, 8 and 12 thereof. Substantially and pertinently section 1 requires all peddlers to be licensed but permits the issuance of a license only to a person who has been a resident of Albany for a least six months; section 4 prohibits vehicles from remaining on the public street for longer than five minutes while offering goods for sale, selling the same or receiving payment therefor and from using a horn or other instrument for the purpose of giving notice of the approach of a vehicle; section 8 excludes from compliance with those provisions farmers, market gardeners, milkmen and persons having a stated place of business in Albany; section 12 is directed exclusively at ice cream venders who are required to be licensed and prohibits their engaging

in business on certain named streets and parkways, within 100 feet of any street intersection and 300 feet of any school building.

The plaintiff contends that the enactment is arbitrary, unreasonable, oppressive, discriminatory, unconstitutional and violative of the statute in that the provisions discriminate against a nonresident who is not permitted to obtain a license thereunder, make an illegal distinction between a vender having a stated place of business in Albany and one who has not such and prevent those selling a particular commodity from so doing on certain streets and parkways and within restricted distances from intersecting streets and school buildings while not restricting peddlers selling other merchandise similarly and are unreasonable and unnecessary.

The defendant answers the plaintiff's contention by a claim that the enactment is a reasonable use of police power conferred upon municipalities since its purpose and design are to guard the public health and safety, to protect the lives and limbs of its inhabitants, especially children, and to conserve the general welfare and order by prohibiting excessive noise and preventing traffic hazards.

Every presumption exists in favor of the validity of the ordinance and courts are reluctant, and wisely so, to strike down legislative enactments on the ground that they conflict with the State or Federal Constitutions. If possible, they must be construed to avoid unconstitutionality and to uphold validity. (*Biddles, Inc.,* v. *Enright,* 239 N. Y. 354, *supra; People* v. *Beakes Dairy Co.,* 222 N. Y. 416.) The presumption exists, too, that the common council acted in good faith and in the public welfare in enacting the ordinance and the plaintiff has the burden of establishing otherwise. Nevertheless, one has the right to conduct his business as he sees fit without arbitrary or unlawful interference. Regulations whose purposes are asserted to be in the public interest must be reasonable, adapted to cure a substantial evil and applicable to all persons similarly situated. If they fail to meet those requirements courts have the duty to declare them unconstitutional. (*Myer* v. *Myer,* 271 App. Div. 465, affd. 296 N. Y. 979; *Cowan* v. *City of Buffalo,* 247 App. Div. 591, *supra; People* v. *Klinge,* 276 N. Y. 292.)

Section 1 of the ordinance is manifestly unconstitutional and invalid since it works a discrimination against nonresidents of the city of Albany in favor of residents of that city. (General Municipal Law, § 80; U. S. Const., 14th Amendt.; N. Y. Const.,

art. I, §§ 1, 6, 11; *Lang's Bakery* v. *City of Lockport,* 251 App. Div. 791; *City of Watertown* v. *Rodenbaugh,* 112 App. Div. 723; *People* v. *Hervieux,* 134 Misc. 711.)

The plaintiff by his complaint and supporting affidavits has also made a sufficient showing to question the constitutionality of the other provisions of the municipal enactment on the grounds (1) that it is not fairly adapted to cure a real or substantial evil; (2) that it bears no reasonable relation between the evil and the attempted remedy; (3) that it discriminates between persons having a place of business in the city of Albany and those who do not, and (4) that it is an attempt to regulate the use of public highways which is reserved wholly to the State which, in my opinion, justifies the exercise of the court's discretion to preserve the *status quo* until the trial. (*City of Buffalo* v. *Linsman,* 113 App. Div. 584; *People* v. *Klinge, supra; People* v. *Cohen,* 272 N. Y. 319; *Sperling* v. *Valentine,* 176 Misc. 826; Vehicle and Traffic Law, §§ 10, 54.)

The motion is therefore granted.

Submit order accordingly.