THE PEOPLE OF THE STATE OF NEW YORK, Plaintiff, *v.* HARRY SCHNEIDERMAN, Defendant.

City Magistrate's Court of New York, Borough of Queens, Municipal Term, March 3, 1953.

*Denis M. Hurley, Corporation Counsel* (*James Hurley* of counsel), for plaintiff.

*William J. Sparago* for defendant.

SHAPIRO, M. The defendant, owner of a pet shop, is charged with a violation of subdivision 5 of section 327 of the Sanitary Code of the City of New York, which insofar as here material, reads: *" Horsemeat, whether alone or combined with other ingredients, intended for animal food shall not be brought into the City of New York, transported, or held, kept, stored, offered for sale or sold unless it shall be ground, chopped or comminuted so that no piece shall be greater than one half inch in any dimension* and unless the mass shall be decharacterized by thoroughly and evenly mixing therein, not less than one percent by weight of No. 10 to No. 14 U. S. standard mesh granular charcoal, or by coloring with a harmless coloring matter, other than red, approved by the Department of Health of the City of New York or otherwise in a manner and with the materials satisfactory to said Department. The provisions of this subdivision, however, shall not apply to: * * * (d) Horsemeat brought into the City of New York by a wholesale processor, canner, or packer of horsemeat for animal consumption, whose establishment is located in the City of New York, for the purpose of being canned, packaged or comminuted and decharacterized, in accordance with the provisions of this section, provided, however, that: 1. Such horsemeat is decharacterized by coloring with a harmless coloring matter, other than red, approved by the Department of Health, or otherwise in a manner and with materials satisfactory to said Department, and 2. Such horsemeat is transported and delivered from outside the City of New York directly to the establishment of such processor, canner or packer." (Italics ours.)

The facts are undisputed. The defendant admits possession for sale in his pet shop of horsemeat greater in dimension than one-half inch. He contends however that as applied to him, and other similarly situated, the code is: (1) Unreasonable, arbitrary, oppressive and capricious; (2) An unlawful delegation of legislative power to administrative officers, and (3) Unconstitutional because it is discriminatory and denies him equal protection of the law.

It would serve no useful purpose to discuss and distinguish the many cases cited by the defendant (*People* v. *Klinge,* 276 N. Y. 292; *People* v. *Kuc,* 272 N. Y. 72; *People* v. *Cohen,* 272 N. Y. 319; *Matter of Jacobs,* 98 N. Y. 98; *Cowan* v. *City of Buffalo,* 247 App. Div. 591; *Boord* v. *Wallander,* 195 Misc. 557, affd. *sub nom. Boord* v. *O'Brien,* 277 App. Div. 253; *Matter of Conlon* v. *Marshall,* 271 App. Div. 972; *Schrager* v. *City of Albany,* 197 Misc. 903) for the Court of Appeals in *Quaker Oats Co.* v. *City of New York* (295 N. Y. 527) answered every contention now raised by the defendant. In passing on the companion section of the Sanitary Code of the City of New York (§ 327, subd. 4) it held that: '' Equally settled is the rule that, even if the Federal Government has legislated in a particular field, local regulation in that field is not necessarily prohibited unless national uniformity is essential. *The State or municipal statute will be stricken only if — in terms or in practical administration — it conflicts with the Federal law or infringes on its policy.* * * * The other objections urged against the ordinance lack substance. Clearly, as Special Term ruled, *the ordinance is sufficiently definite and certain; it was within the legislative competence of the city to enact; it is consonant with the requirements of the due process clause* ''. (Pp. 534, 538; italics ours.)

In that case the local law was held unconstitutional as to the Quaker Oats Co. only because it was found to be in direct conflict with existing Federal law. Said the court at page 536: '' Turning to the case at hand, it is our conclusion that the local provision is inconsistent with the requirements of the Federal law, for, as we view it, the city forbids to interstate commerce what the government has authorized.''

In this case it is not contended that there is any provision of the Federal or State law with which the local law collides or is inconsistent.

The board of health of the City of New York was therefore not only acting within its power but in furtherance of the duties and responsibilities imposed upon it, when it undertook to make

reasonable rules and regulations for the disposition and sale within the city of New York of horsemeat. The provisions that horsemeat shall be less than a certain size in every dimension so that it may not possibly be palmed off on an unsuspecting public as legitimate food fit for human consumption is neither unreasonable nor arbitrary.

Accordingly, the validity of subdivision 5 of section 327 of the Sanitary Code of the City of New York is sustained and the defendant is found guilty.

He is directed to appear before this court for sentence on the 26th day of March, 1953.