OLAN MILLS, INC. OF OHIO, Plaintiff, *v.* CITY OF NIAGARA FALLS, Defendant.

Supreme Court, Special Term, Niagara County, January 6, 1955.

*James Li Brize* for plaintiff.

*Clarence W. Greenwald, Corporation Counsel (Sig Lopacki* of counsel), for defendant.

MARSH, J. The plaintiff, having commenced an action against the defendant City of Niagara Falls for a declaratory judgment that sections 4–14 of chapter XLIX of the Niagara Falls City Ordinances, being the photographers' ordinance, is arbitrary, unreasonable, discriminatory and unconstitutional, and for an injunction against the enforcement of such ordinance, now seeks an injunction *pendente lite* restraining and enjoining the defendant from arresting or interfering with the plaintiff and its agents and employees for any violations of said ordinance in the conduct of plaintiff's photographic business.

Chapter XLIX of the ordinances, after making provision for the licensing of those conducting " a permanent photographic portrait or commercial studio " in the city of Niagara Falls for an annual fee of $10, sets forth provisions which are challenged as to their validity by the plaintiff and under which a license fee of $25 a day per person and agent is required of all photographers not in the employ of a permanently established photographic portrait or commercial studio in the city.

It appears from the moving papers herein that the plaintiff corporation has its headquarters in Springfield, Ohio, and that on or about November 18, 1954, one Philip Evans, an agent of plaintiff, engaged facilities in the city of Niagara Falls, set up equipment to take photographs and hired certain employees to assist in carrying on a photographic business.

Shortly after plaintiff's agent started soliciting business, his application for a permanent photographer's license was denied on the ground that he was not operating a bona fide permanent photographic studio, and since that time he has been arrested several times for failure to comply with the licensing provisions of the ordinance above referred to relating to transient photographers.

Plaintiff's agent has secured adjournments of the proceedings involving the various charges against him in Police Court, pending determination of this application.

The application herein is based on the allegation that the ordinance, insofar as it relates to the licensing of photographers not conducting " a permanent photographic portrait or commercial studio " in the city of Niagara Falls, is arbitrary, capricious, unreasonable and discriminatory, and therefore invalid. In seeking to invoke the equity jurisdiction of the court to enjoin its enforcement, plaintiff asserts that it is being irreparably damaged in the lawful conduct of its photographic business by the enforcement of such invalid provisions of the ordinance. The defendant seeks to uphold the validity of the ordinance as a valid exercise of the police power.

Regulation of private business may be effected under the police power but it must be for the avowed protection of public health, safety and welfare and of a real and substantial relation to those objects. Where it discloses no such purposes and has no such relation, the regulation constitutes an invasion of the rights of the individual and it becomes the duty of the court to declare it invalid. (*Avon Western Corp.* v. *Woolley,* 39 N. Y. S. 2d 653.)

The rule that an ordinance must be reasonable applies with particular force to ordinances imposing license fees or business taxes, and such an ordinance must not discriminate against nonresidents or persons engaged in the sale of property produced or manufactured outside the municipality (*City of Watertown* v. *Rodenbaugh,* 112 App. Div. 723).

An examination of the provisions of the ordinance in question reveals a purpose on the part of the municipal authorities to deny to all persons who do not maintain " a permanent photographic, portrait or commercial studio " within the corporate limits of the city of Niagara Falls the right to commercially take, peddle, sell or deliver any negative, films, photographs, prints or enlargements within said city.

While provision is made for the issuance of a license to persons so situated, the fee of $25 per day per employee is clearly and patently prohibitive and particularly so when viewed in the light of the fee of $10 per year fixed for photographers having a permanent studio in the city.

No statement has been given the court as to the particular abuse or threats to the public welfare which the ordinance was designed to meet, but assuming the existence of some, the " evils existing in a legitimate business by reason of the manner in

which some of its participants conduct it will not warrant the exercise of the police power to the extent of prohibiting the business entirely " (*People ex rel. Moskowitz* v. *Jenkins,* 202 N. Y. 53).

Certainly there is nothing wrong or immoral per se, and nothing essentially inimical to the public welfare in a photographic business that has been expanded to cross a city line.

The ordinance in question sets up no standards by which the conduct of photographers may be regulated and does not provide in any way for regulation of the class of photographers which it actually excludes from business. In short, there is no attempt made to reasonably regulate the business generally as its conduct may affect the public or as particular abuses may adversely affect the public interest.

The only reasonable conclusion the court can draw from the provisions of the ordinance is that it was intended to accomplish the very thing which its provisions do accomplish — the eradication of competition, for the benefit of those maintaining permanent studios within the city.

The law is clear that where the true purpose of an ordinance such as the one in question is to affect the competitive position of those engaged in a particular business rather than to serve the welfare of the public generally, such ordinance is invalid, as an improper exercise of the police power in favor of a special class (*People* v. *Gillson,* 109 N. Y. 389).

In accordance with the power of a court of equity to enjoin a void ordinance where its enforcement will affect property rights and work irreparable injury, and in consideration of the various findings alluded to above, the plaintiff is entitled to the temporary injunction sought herein.