Desmond, J.
(dissenting). This prohibition against the dumping inside the town of Somers of garbage li originating ” outside this town and its attempted distinction between “ local ” and “ foreign ” garbage is obviously unrelated to public health or sanitation. It is, therefore, an unconstitutional interference with the lawful business conducted by plaintiff under permits issued by the County Health Department and in compliance with the rules of that department. The ordinance does not regulate the quantity of garbage dumped nor the manner in which it is handled, transported or disposed of (see Town of Newtown v. Lyons, 11 App. Div. 105; City of Rochester v. Gutberlett, 211 N. Y. 309, 315, 317, 318). “ Without rhyme or reason” (Defiance Milk Prods. Co. v. Du Mond, 309 N. Y. 537, 541) it attempts a distinction between local and out-of-town garbage.
The courts have consistently and invariably held that a municipal enactment depending for validity on the police power must be really, reasonably, properly and substantially related to public health, safety or welfare (People v. Ringe, 197 N. Y. 143, 149; People ex rel. Moskowitz v. Jenkins, 202 N. Y. 53, 60; People v. Kuc, 272 N. Y. 72; People v. Cohen, 272 N. Y. 319; People v. Klinge, 276 N. Y. 292; People ex rel. Pinello v. Leadbitter, 301 N. Y. 695; Trio Distr. Corp. v. City of Albany, 2 N Y 2d 690; Railway Express v. New York, 336 U. S. 106; 2 McQuillin on Municipal Corporations [2d ed., 1939 rev.], § 775; 7 McQuillin on Municipal Corporations [3d ed.], § 24.248). “A statute cannot, under the guise of the police power, but really to affect some purpose not within such power, arbitrarily interfere with a person or a property right ” (People v. Ringe, supra, p. 149). As in People v. Kuc (supra, p. 76), so here, ‘ ‘ Explanation can only be found in a desire to discriminate unconstitutionally ’ ’.
The applicability of these settled rules to regulation by municipalities of garbage collection and disposal has been recognized by the United States Supreme Court in Reduction Co. v. Sanitary Works (199 U. S. 306, 318).
The presumption of constitutionality cannot save this ordinance since its arbitrariness is patent and no explanation or justification is forthcoming.
The judgment should be affirmed, with costs.
*224 Judges Dye, Froessel and Burke concur with Chief Judge Conway; Judge Desmond dissents in an-- opinion in which Judges Fuld and Van Voorhis concur.
Judgment accordingly.