MARCUS P. WOODRUFF, Executor, &c., Respondent, *v.* CHARLES
E. McGRATH *et al.*, Appellants.

When there was any conflict of evidence on a point at issue, the finding of the
referee upon such point is conclusive.

The improper admission of immaterial or irrelevant testimony by the referee,
will not necessarily vitiate the finding and judgment in such case.

THIS is an action to foreclose a mortgage upon certain
lands in Westchester county. The title to the lands mort-
gaged was in Mary McGrath, the wife of the defendant,
Charles E. McGrath, and the mortgage was executed as well
by herself as her husband. The defendant, Van Bokkelen,
was made a party defendant as a subsequent incumbrancer.
Mrs. McGrath did not answer, and the other two defendants
have answered separately, and they have appealed from the
judgment of the Supreme Court to this court.

The referee who tried the action found the following facts:
1. That the bond and mortgage mentioned in the complaint
then executed and delivered by the defendants, Mary McGrath
and Charles McGrath, on or about the ninth day of October,
1857, to John O. Woodruff, deceased, in his lifetime, as
security to the amount of $15,000 for loans or advances made
or to be made, or the price or value of any merchandise sold
and delivered, or to be sold and delivered by the firm· of
John O. Woodruff & Company, of which firm the said John
O. Woodruff was a partner to the firm of McGrath & Com-
pany, of which the said Charles E. McGrath was a partner,
and that the said mortgage was duly recorded as mentioned
in the complaint; 2. That the loans or advances then made
and merchandise were sold and delivered by the said firm of
John O. Woodruff & Company, to the said firm of McGrath
& Company, to an amount exceeding fifteen thousand dol-
lars; 3. That by reason of such advances, and also the con-
tingency in contemplation of which the said bond and
mortgage were executed and delivered to the said John O.
Woodruff, did occur, and the said firm of John O. Woodruff

& Company did part with, and the said firm of McGrath & Company did receive full value for said bond and mortgage upon the faith thereof; 4. That the sum of $15,000 mentioned in the condition of the said bond, and in the said mortgage, was not paid by the said firm of McGrath & Company to the said firm of John O. Woodruff & Company, but remains still unpaid.

And as conclusions of law, he also found that the defendants, Mary McGrath and Charles E. McGrath, and each of them, became indebted and liable to pay to the said John O. Woodruff, in his lifetime, and to his legal representatives since his decease, the said sum of fifteen thousand dollars mentioned in the condition of the said bond, with interest, according to the terms thereof.

That the said mortgage was and is a security for such indebtedness, and that such indebtedness was a good and sufficient consideration therefor.

That a valid lien was thereby created upon the premises mentioned and described in the complaint, and that such lien was then in full force. That any lien created on the said premises by the mortgage mentioned in the answer of the defendant, Van Bokkelen, is posterior and subordinate to such lien created thereon, by the said mortgage mentioned in the complaint.

And the said referee also found as facts, that the said John O. Woodruff died on or about the 29th day of April, 1860, leaving a will, by which the plaintiffs were appointed executor and executrix thereof. That on or about the 29th day of June, 1860, the said will was duly proved and admitted to probate in the office of the surrogate of the county of New York, and letters testamentary thereupon were duly issued and granted to the plaintiffs by the said surrogate, and that the plaintiffs thereupon duly qualified as such executor and executrix, and entered upon the discharge of the duties of the said office; and he further reported, that there was due and owing to the said plaintiff upon said bond and mortgage, the sum of $15,000, with interest thereon from the 9th day of April, 1858, and that the total amount of said principal

and interest to the date of the report of said referee, was the sum of $19,812.50, and that the usual judgment of fore-closure and sale was thereupon given, and on appeal the same was affirmed at the General Term of the Supreme Court for the second district.

*Chapman & Hitchcock* and *Martin & Smith*, for the appellants.

I. The objection that the appellants have no interest in the question, is not well taken, because :

1. The interest of Charles E. McGrath in the real estate of his wife, remains unimpaired by the married women's acts, except that it is subject to be defeated by an effectual con-veyance or devise by the wife. (*Clark* v. *Clark*, 24 Barb., 581; *Vallance* v. *Bausch*, 28 Barb., 641; *Ransom* v. *Nichols*, 22 N. Y., 40; *Hurd* v. *Cass*, 9 Barb., 266; *Shumway* v. *Cooper*, 16 Barb., 566.)

2. He has a direct and immediate interest as a joint obligor, with a decree over against him for any deficiency on fore-closure.

3. Van Bokkelen is interested as a subsequent incum-brancer; his recorded lien is alleged in the complaint, speci-fically set up in the answer, assumed on the trial of the cause, and adjudged upon by the referee. (*Paige* v. *Fazackerly*, 36 Barb., 392; *Bakeman* v. *Bond*, 19 Wend., 444; *Jackson* v. *Roberts*, 11 id., 422.)

For a fact obviously assumed on the trial is as much in the case as though it were expressly proved. (36 Barb., 392; 19 Wend., 444.)

As to Van Bokkelen's right of appeal, see *Campbell* v. *Hall* (16 N. Y., 573); *Craig* v. *Tappin* (2 Sandf. Ch., 78).

II. There was no latent equity in favor of the mortgagee, and the obligation cannot be enforced, as there was an utter failure of the consideration it was given to secure. (*Bush* v. *Lathrop*, 22 N. Y., 535; *Case* v. *Boughton*, 11 Wend., 106.)

III. The sole purpose for which the bond and mortgage were executed and authorized to be used by Mrs. McGrath,

was to secure John O. Woodruff or W. & Co., for any credit they might give to McGrath & Co. This object must be strictly followed. The security could not be devoted to a different purpose. (*Bush* v. *Lathrop*, 22 N. Y., 583; *Davenport* v. *Buckland*, Laylor, 75; *Nixon* v. *Palmer*, 4 Seld., 398.)

IV. The referee should have granted the motion to dismiss the complaint as requested, because,

The consideration for the prior mortgage had entirely failed, and no action could be founded upon it. (*Case* v. *Boughton*, 11 Wend., 106.)

V. The referee erred in deciding that advances were made and merchandise sold by Woodruff & Co. to McGrath & Co., and this court will correct the error.

1. When there is no conflict of evidence, the conclusion to be drawn by the referee is a question of law, and is reviewable by this court. (*Pratt* v. *Foot*, 5 Seld., 463.)

2. If there was no evidence to sustain the finding of the referee, it is erroneous in law, and reviewable by this court. The error was as to the legal effect of the undisputed facts. (*Davis* v. *Spencer*, 24 N. Y., 386.)

*Marsh & Wallis* for the respondents.

I. The only question at issue by the answers of Charles E. McGrath and Van Bokkelen was, whether there was any consideration for the mortgage mentioned in the complaint.

The proof is conclusive on this point. The defense averred in the answer of C. E. McGrath is, "that it was agreed between McGrath & Co. and Woodruff & Co., that the latter would make an advance or loan, or sell merchandise to the former to the amount of $15,000, for which McGrath & Co. should give J. O. Woodruff a mortgage of Mrs. McGrath and husband on these premises, and that although the mortgage was accordingly given, Woodruff & Co. did not make any advance, loan or sale to McGrath & Co.

Van Bokkelen's answer sets up no affirmative defense, but merely avers want of consideration.

The testimony of George McGrath shows a full consideration. The advantage claimed is, not that Woodruff & Co.

did not part with full consideration, or that McGrath & Co. did not receive the same, but that George McGrath, one of the firm of McGrath & Co., received the consideration from Woodruff & Co., and McGrath & Co. received the same from George McGrath. But the proof is, that McGrath & Co. received the lard direct from Woodruff & Co.

II. The question of consideration is one of fact purely, and the court will not disturb the finding of the referee, unless the same was clearly inconsistent with the evidence. It was such a case of conflict as to make the finding of the referee conclusive. (*Woodin* v. *Foster*, 16 Barb., 146; *Brooks* v. *Christopher*, 5 Duer, 216, 219; *Stuart* v. *Taylor*, 7 How., 251; *Durkee* v. *Mott*, 8 Barb., 423.)

The opinion of the General Term is conclusive on this question of fact. The court then considered it a case of conflicting evidence, where the weight was with the plaintiff.

DAVIES, J. Upon the facts found by the referee, the conclusions of law also found by him were undeniably correct, and the judgment thereon rendered was also correct, if the referee on the trial committed no error in the admission or rejection of evidence.

Upon the trial the plaintiffs called George McGrath as a witness, who testified, on his direct examination, that he became a partner in the firm of McGrath & Company on the 11th of August, 1857, and that the bond and mortgage were given for goods sold and delivered to McGrath & Company by the firm of Woodruff & Company and that such goods had been delivered at the time the bond and mortgage were executed. He was asked to look at seventeen promisssory notes shown to him, and say if they were given by the firm of McGrath & Company. He answered, yes, I gave them myself, signed them. On his cross-examination he was asked if the consideration of these notes was not a certain 1,000 or 1,100 packages of lard which he had contracted to buy from Woodruff & Company, on or about August 1, 1857. He answered, a part of the consideration of those notes consisted of a portion, and a greater portion, of a lot of 1,000 or 1,100

packages of lard bought for the use of McGrath & Company by me, on the 1st day of August, 1857, from Woodruff & Co. On his redirect examination the witness testified that the manner of making purchases by McGrath & Company from Woodruff & Company was this: he said, I would go to Woodruff & Company and tell them I had a party, namely, McGrath & Company, to buy their goods; they would tell me they would not sell McGrath & Company, but if I said it was all right they would bill the goods to me. He further testified, that the 1,017 packages mentioned in said entry No. 1179, in his books, was the same parcel as the one he had spoken of as the 1,000 or 1,100 packages. He was then asked to look at a paper then exhibited to him, and say if it is a bill rendered by you to Woodruff & Company for your brokerage on said 1,017 packages of produce. This evidence was objected to by the defendants' counsel, and admitted. This testimony, and the other testimony on the same subject, was of little if any materiality, and its introduction could in no possible way have worked any prejudice to the defendants. It was legitimate, as following up a subject opened by the defendants in their cross-examination of this witness. The plaintiffs had the right to exhaust the witness upon the subject inquired about, viz., his dealings with Woodruff & Company, for McGrath & Company. I see no error, therefore, in the rulings of the referee, and the judgment should be affirmed, with costs.

Judgment affirmed.