THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LOUIS HERVIEUX, Appellant.

County Court, Washington County, July 25, 1929.

*Edward R. Waite*, for the appellant.

*Wyman S. Bascom, District Attorney*, for the People.

LAYDEN, J.   This is an appeal by the defendant from a judgment rendered by LeRoy S. Weaver, a justice of the peace of the town of Fort Edward, on the 28th day of June, 1929, convicting the defendant of a violation of an ordinance of the village of Fort Edward.   The material parts of the ordinance in question read as follows:

" Section 1. It shall be unlawful for any person or persons, not residents of the village of Fort Edward, to hawk, vend or peddle in the streets or public places within the corporate limits of the village any goods, wares, merchandise or other commodities, except products of the farm or garden when sold by the producer thereof, his servants or employees or to solicit orders by going from house to house for any goods, wares or merchandise except products of the farm or garden when offered for sale or sold by the producer thereof, his servants or employees without a license therefor.

" Sec. 2. The fees for such license shall be one dollar per day payable when issued and such license shall be signed by the clerk under the seal of the village and shall have a receipt for the payment of the fee indorsed thereon countersigned by the treasurer of the village."

After an examination of the ordinance and of the authorities submitted by the attorney for the appellant, I have reached the

conclusion that this ordinance violates the constitutional right of the defendant to engage in a lawful occupation. In *People* v. *Jarvis* (19 App. Div. 466) a provision of the charter of the village of Norwich was held to be unconstitutional, because it discriminated against non-residents, and the wording of the provision of the charter in this case was practically identical with the wording of the ordinance now before me. In this case, Mr. Justice HERRICK, in a concurring opinion, said: " The fundamental law knows no distintion between residents of different political subdivisions of the State; and while different laws may be enacted for different localities in the State, as their varying needs may require, yet those laws must not discriminate between persons lawfully within their jurisdiction; for every resident of the State is entitled to the equal protection of equal laws, and is entitled to go to and fro, and buy, sell, and labor in any and every part of the State, upon the same terms and conditions, no more, no less, that are imposed upon residents of that particular portion of the State where he chooses to exercise his rights, and any imposition of an additional burden upon him, as a condition of exercising his rights, is depriving him of the equal protection of equal laws, and is contrary to the law of the land."

In *City of Buffalo* v. *Reavey* (37 App. Div. 228); *City of Watertown* v. *Rodenbaugh* (112 id. 723), and *People* v. *Ericson* (147 N. Y. Supp. 226) similar ordinances were held to be an invalid exercise of the police power.

I am also of the opinion that the ordinance in question here is in violation of section 80 of the General Municipal Law, which provides as follows: "Any restriction or regulation imposed by the governing board of a municipal corporation upon the inhabitants of any other muncipal corporation within this state, carrying on or desiring to carry on any lawful business or calling within the limits thereof, which shall not be necessary for the proper regulation of such trade, business or calling, *and shall not apply to citizens of all parts of the state alike*, except ordinances or regulations in reference to traveling circuses, shows and exhibitions, *shall be void.*"

It is also my opinion that the purpose and effect of this ordinance is to levy a tax upon the business of selling goods by a non-resident within the village of Fort Edward. A license fee, properly so called, is such a sum as will compensate for the expense of issuing and recording the license, and, when the license is issued, for the purpose of securing police control over the matter licensed, such further sum as will probably be incurred in inspecting and regulating such business. In the case before me, the fact that the charge is

made, not for the license issued, but by the day, strongly indicates that the intent was to tax the business, and not to obtain compensation merely for licensing the same.

For all the reasons hereinbefore stated, I find that the ordinance is void, and the defendant shall not be held for disregarding it.

The judgment of the justice of the peace is reversed.