DUGAN BROTHERS, INC., Plaintiff, *v.* HARVEY C. ZORN, Mayor of the Village of Haverstraw, and Others, Defendants.

Supreme Court, Rockland County, October 19, 1932.

*Frederick E. Weeks*, for the plaintiff.

*George S. Raymond*, for the defendants.

WITSCHIEF, J. It is admitted by the pleadings that the board of trustees of the village of Haverstraw has enacted an ordinance imposing an annual license fee of $100 upon peddlers. The plaintiff claims that this ordinance is invalid, and judgment is sought enjoining its enforcement against the plaintiff.

It is also admitted by the pleadings that the plaintiff has, for many months past, been engaged in the sale from auto trucks of bread, cakes, pies, biscuits, rolls and other bakery products within the village of Haverstraw.

The evidence discloses that the plaintiff operates about 380 auto trucks and horse-drawn vehicles in the State of New York,

its territory covering Greater New York and the counties of Westchester, Putnam, Dutchess, Orange and Rockland, and Nassau and Suffolk counties on Long Island.

Judicial notice may be taken of the fact that in the territory in which the plaintiff operates there are a great many municipalities; the plaintiff claims a total of 231.

If each of these imposed a like license fee, the annual cost to the plaintiff would be at least $38,000, and if some trucks entered several municipalities, a much larger cost.

It is impossible to close the eyes to the fact that this license fee is, in reality, a tax, imposed to prevent competition with local merchants.

The terms of the ordinance itself disclose the fact, and the evidence establishes it.

The desire of local merchants to be protected against outside competition is quite understandable.

Whether as owners, or as lessees, they contribute to the taxes which support the local government, employ local labor, contribute to local charities and civic enterprises, and believe that their trade should not be taken from them by those who do none of these things.

Theirs is a strong argument, but it must be directed to the local inhabitants, not to the courts.

Under the guise of a license fee, the real fact is that a tax is sought to be imposed upon a lawful business, which it is beyond the power of the municipality to impose.

The claim that the license fee imposed will no more than cover the cost of issuing and recording the license, and of necessary inspection and regulation, cannot be upheld.

Police inspection and regulation is a part of the ordinary work of the police force everywhere, and its cost cannot be even approximately estimated and apportioned, any more than it could be estimated how much wear upon the streets of a municipality would result from the operation of one of the plaintiff's trucks.

The right to impose a reasonable license fee is undoubted, but the license fee imposed in this case is not reasonable, and cannot be upheld.

Judgment for the plaintiff, with costs.