DUGAN BROTHERS OF NEW JERSEY, INC., Plaintiff, *v.* FRANK DUNNERY, Mayor of the Village of Suffern, and the VILLAGE OF SUFFERN, Defendants.

Supreme Court, Rockland County, December, 1933.

*Frederick E. Weeks*, for the plaintiff.

*Morton Lexow* [*Alton W. Teale* of counsel], for the defendants.

MORSCHAUSER, J. Plaintiff sues to enjoin defendants from enforcing an ordinance which requires the payment of a license fee by peddlers and transient merchants. Plaintiff admits it is engaged in peddling within the village of Suffern. Plaintiff, in its complaint, asserts the ordinance is unconstitutional because it is discriminatory as against non-residents of the village, and further, that the license fee is excessive and is in effect a tax upon plaintiff's business. On the trial plaintiff conceded that the ordinance was not discriminatory and counsel for plaintiff so states in his brief. It remains for decision whether or not the ordinance imposes a tax on plaintiff's business for revenue purposes under the guise of a license fee.

A license fee may be imposed under such an ordinance which is sufficient to compensate the municipality for the expense of issuing and recording the license, for securing police control over the matter licensed and for the cost of inspecting and regulating such business. To that extent any fee imposed is not a tax on the business. (*People* v. *Jarvis*, 19 App. Div. 466; 1 Cooley Taxation [4th ed.] 95–99; Village Law, § 91.)

The defendants have offered proof, which is uncontradicted,

and which indicates that the fifty dollars annual license fee imposed here upon plaintiff is such a sum as will do no more than reasonably compensate defendants for the cost of issuing the license and to make the necessary inspections and to regulate the business properly.

Plaintiff has shown the respective amounts paid by it to other municipalities for peddlers' licenses in those localities and has cited several cases wherein fees of $100 and even some lesser sums have been held unreasonable and oppressive. (*Dugan Brothers* v. *Zorn*, *No. 1;** Dugan Brothers* v. *Zorn*, *No. 2; Dugan Brothers* v. *Deming; Dugan Brothers* v. *Hoos; Dugan Brothers* v. *Donovan*.) There is no question but that the law is correctly stated in those cases, but here the facts are entirely different. Defendants' geographical location, physical surroundings, commercial situation and police conditions must be considered. Difficulties of enforcement are present here which are not found in other instances. The amount of the fee required to be paid by plaintiff is reasonable and clearly is not a tax on its business.

Plaintiff also makes some complaint of possible difficulty in obtaining a license because of information required to be furnished by applicants for such a license and suggests possible delay in procuring the license once it is applied for. It does not appear that plaintiff has ever applied to defendants for such a license or that any delay has or will be incurred, once application is so made. Accordingly, plaintiff has no cause for complaint. (See *Gundling* v. *Chicago*, 177 U. S. 183.)

The ordinance is not discriminatory nor does it impose a tax upon this plaintiff. Accordingly, the complaint should be dismissed.