THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES JONES, Plaintiff, *v.* ARTHUR WILLIAM JUDGE, Defendant.

City Court of Long Beach, Nassau County, July 6, 1934.

*Jerome M. Hirsch, Corporation Counsel,* for the City of Long Beach.

*Coudert Brothers* [*Percy A. Shay* of counsel], for the defendant

ZIMMERMAN, J.   On April 10, 1934, the city council of the city of Long Beach enacted an ordinance, as subsequently amended, the purpose of which is stated in that ordinance to be the regulating and licensing of hawkers and peddlers of goods, wares and merchandise and the regulating and licensing of solicitors of orders for goods, wares and merchandise to be delivered or services to be rendered in the future.

The defendant is charged with the violation of this ordinance, and it has been conceded by counsel for the defendant that the defendant committed such acts which, if this ordinance is valid, would constitute a violation thereof.

The city council has the power to enact an ordinance of this nature by reason of the authority granted to it by the charter (Laws of 1922, chap. 635), more particularly section 74 thereof. In subdivision 4 of section 74 it is provided that the council shall enact ordinances to license and regulate hawkers and peddlers and to regulate and license occupations and businesses of every description. By subdivision 9 of section 74 the council is authorized to pass such other and further ordinances not inconsistent with the laws of the State as shall be deemed expedient for the good government of the city, the protection of its property, the preservation of peace and good order, the preservation of health, etc. Furthermore, by section 20 of the General City Law, subdivision 13 thereof, the city is empowered to maintain order, enforce the laws, protect property and preserve and care for the safety, health, comfort and general welfare of the inhabitants of the city and visitors thereto, and for any of said purposes to regulate and license occupations and businesses. The claim of the defendant, therefore, that the city council had no power to pass the ordinance, has no merit.

The defendant contends that the ordinance is invalid because it discriminates in favor of local business people as distinguished from others. He bases this contention upon the exemption contained in section 2 of the ordinance which reads as follows:

"Sec. 2. Exemptions. Nothing in this ordinance shall be held to apply to * * * merchants having an established place of business within the city or their employees for soliciting orders from customers and delivering the same."

The ordinance by section 1 thereof specifically sets forth the definition of a hawker, a peddler and a solicitor. There is a decided distinction between one who serves his customers and one who goes from place to place, or house to house, for the purpose of obtaining orders. Whether a merchant has or has not an established place of business does not matter. The question is whether he committed the act of hawking, peddling or soliciting as defined in section 1 of the ordinance. A person who does not have an established place of business, as defined in the ordinance, and who does no more than solicit orders from customers and deliver the same, would not come within the scope of the ordinance and would not need a license. Likewise a person who has an established place of business, as defined in the ordinance, who does hawking, peddling and soliciting, as defined in the ordinance, would come within the scope of the ordi-

nance and would have to obtain a license. The ordinance does not, therefore, discriminate between residents and non-residents. I believe that the definition of the term "established place of business," as contained in section 1 of the ordinance, as well as the exemption above referred to, contained in section 2 of the ordinance, are surplusage in so far as hawking, peddling and soliciting, as defined in this ordinance, is concerned. Whatever may have been the intent of any individual legislator, the ordinance in its present form and by its express words is not discriminatory. If the ordinance is free from ambiguity, the intention must be ascertained from its express words and from the face of the ordinance itself.

The defendant also contends that the amount of the license fee is unreasonable and excessive and for that reason is unenforcible. It has been repeatedly held that the license fee imposed under such an ordinance should be sufficient to compensate the municipality for the expense of issuing and recording the license, for securing police control over the matter licensed, and for the cost of inspection and regulating such business. (*People* v. *Jarvis*, 19 App. Div. 466; *People* v. *Hervieux*, 134 Misc. 711; *Dugan Bros. of New Jersey, Inc.*, v. *Dunnery*, 150 id. 645.)

It has also been held that where the license fee is imposed in the exercise of the police power, it must be such a fee only as will legitimately assist in regulation of the business or occupation and it should not exceed necessary or probable expense of issuing a license and of inspecting and regulating the business which it covers. (*Smart* v. *City of Albany*, 146 Misc. 60, and cases cited therein.) So also it has been held that police inspection and regulation is a part of the ordinary work of the police force and its cost cannot be even approximately estimated and apportioned any more than it could be estimated how much wear upon the streets of a municipality would result from the operation of trucks. (*Dugan Bros., Inc.*, v. *Zorn*, 145 Misc. 611.) It has also been held that where a license fee is imposed in a useful and inoffensive trade or occupation, the ability to pay must be considered. (*Smart* v. *City of Albany*, 146 Misc. 60.)

Testimony was offered by those of the municipality charged with fixing the license fee, to the effect that the cost of enforcing the ordinance as a police regulation, against those who committed acts in violation thereof, was included as one of the items of expense. Following this to its logical conclusion, it would mean that those hawkers, peddlers and solicitors who observed the ordinance, would be charged with the cost of bringing to justice those who violated the ordinance as well as those who failed to apply for a license. The city claims that the "matter licensed" is hawking,

peddling and soliciting. With this claim I cannot agree. The "matter licensed" is the business of the individual licensee. The cost of regulating the individual licensee should properly be included as a part of the license fee, but the cost of enforcing the ordinance is not a part of the "matter licensed."

Furthermore, one fee of $150 is fixed as the cost or expense to the city of regulating all those who come within the ordinance. A person who solicits the right to cut grass and the person who peddles perishable food stuffs on the street and the person who drives about in an automobile soliciting orders for merchandise or for service for future performance or delivery, are all put in the same category. Is it reasonable to say that the cost of regulating the gardener who cuts the lawn after his application for a permit has been passed upon, would be as expensive as to regulate the peddler who sells perishable food stuffs on the city streets? Would it be reasonable to say that a salesman soliciting orders in an automobile for radios to be delivered at a future date, requires the same cost and expense of supervision as the peddler of perishable food products? To one the tax might not be excessive; to the other it might be prohibitory. I feel that the basis upon which the sum of $150 per license was computed was improper. The inclusion therein of the cost of police enforcement of this ordinance against violators thereof alone warrants this conclusion.

I repeat the words of the learned Justice WITSCHIEF in the case of *Dugan Bros.* v. *Zorn*, "the claim that the license fee imposed will no more than cover the cost of issuing and recording the license, and of necessary inspection and regulation, cannot be upheld. * * * The right to impose a reasonable license fee is undoubted, but the license fee imposed in this case is not reasonable, and cannot be upheld."

The defendant is discharged.