FRANK DEHN, Appellant, v. ACENE C. KERMEK, Respondent.— Judgment for defendant in an action for damages for personal injuries resulting from collision of automobiles and order denying plaintiff's motion to set aside the verdict and for a new trial unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ.

DOUGLASS BUILDING CORPORATION, Respondent, v. EDWARD C. ABEL and Others, Defendants, and JOHN A. ABEL, Individually and as Temporary Receiver, and Others, Appellants. DOUGLASS BUILDING CORPORATION, Respondent, v. VILLAGE LANE BUILDERS, INC., and Others, Defendants, and ABEL BROS. & CO., INC., and ISIDORE J. MAYER, Appellants. (Consolidated Appeals.) — Orders punishing appellants for contempt in failing to obey a judgment directing them to turn over certain properties to a receiver, reversed on the law and motion denied, without costs, and without prejudice to renewal on proper papers. Section 774 of the Judiciary Law provides: " Where the misconduct proved consists of an omission to perform an act or duty, which it is yet in the power of the offender to perform, he shall be imprisoned only until he has performed it, and paid the fine imposed. * * * In such case, the order, and the warrant of commitment, if one is issued, must specify the act or duty to be performed, and the sum to be paid." The orders herein fail to recite the mortgages and other papers which are to be turned over to the receiver, and do not state the sum of money received by the appealing defendants and to be turned over to the receiver. These defects are fatal. (*Burnham* v. *Denike*, 53 App. Div. 407; *Leerburger* v. *Watson*, 169 id. 48.) Reference in the orders to the judgment is not in compliance with section 774 of the Judiciary Law. Upon the facts here presented, there may be doubt that the failure to turn over the money may be punished as and for contempt. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

DOUGLASS BUILDING CORPORATION, Respondent, v. VILLAGE LANE BUILDERS, INC., and Others, Appellants.— Order resettling and amending judgment affirmed, with fifty dollars costs and disbursements. Under the facts of this case, *Herpe* v. *Herpe* (225 N. Y. 323) has no application. Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ., concur.

DUGAN BROTHERS OF NEW JERSEY, INC., Appellant, v. FRANK DUNNERY, Mayor of the Village of Suffern, and the VILLAGE OF SUFFERN, Respondents.— Judgment dismissing complaint upon the merits in an action to enjoin defendants from enforcing a village ordinance relative to licensing peddlers unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Young, Carswell, Scudder and Tompkins, JJ. [150 Misc. 645.]