HYMAN SAIDEL, Appellant, *v.* VILLAGE OF TUPPER LAKE, Respondent.

Third Department, April 27, 1938.

*Arthur B. Hart* [*Sidney Kitay* with him on the brief], for the appellant.

*Ralph Hastings*, for the respondent.

HILL, P. J. Plaintiff appeals from a judgment that contains no provision other than that defendant shall recover costs. It mentions the decision wherein there is a conclusion of law that the complaint should be dismissed. The suit was brought for an injunction permanently restraining the authorities of the defendant village from interfering with plaintiff and his employees in the conduct of his business in so far as it is transacted in the village of Tupper Lake. He is the proprietor of a furniture store located at Gouverneur, N. Y., from which, the complaint states, he sells large quantities of furniture in the adjoining villages and especially in the defendant village, and that much of the business is done " on the installment plan which necessitates the plaintiff sending out collectors " who carry with them catalogues illustrating the furniture which plaintiff has on sale at his store. Orders are taken for furniture displayed in these catalogues to be delivered later. Plaintiff also delivers to residents in the defendant village furniture which has been sold at his store in Gouverneur. In April, 1937, the police of the village required two of plaintiff's collectors to go before a justice of the peace and pay two dollars a day each for the privilege of continuing the collections and doing the other work outlined. The police purported to act under an ordinance enacted by the village authorities which provides in part, " No person shall take orders for future delivery of any goods, wares, merchandise or other property within Tupper Lake village, the same being within this State at the time of taking such orders and such orders being taken with the intent of thereby evading the provisions against peddling, contained in this section, or sell the same or offer the same for sale from any cart or vehicle standing in any street, lane, alley or public place, without having a license therefor under a penalty of twenty-five dollars for each offense. * * * License may be granted by the board of trustees for such purpose at the rate of not less than two dollars nor more than seventy-five dollars per day." Respondent argues that the acts of plaintiff and his collectors came within the purview of and were inhibited by the ordinance which, it is asserted, is authorized by subdivision 48 of section 89 of the Village Law which provides, " The board of trustees of a village * * * 48. May license, regulate and restrict hawking, vending, peddling, soliciting orders and the crying of goods, wares, merchandise or other commodities in the streets and public places and by going from house to house."

No evidence was taken on the trial, but it was stipulated " that the plaintiff is a natural person and a resident of the County of St. Lawrence, New York; that he is a merchant engaged in the

business of selling furniture at Gouverneur, N. Y., and has been for several years and that he is a taxpayer in said village; that he sells a larger amount of furniture in places other than Gouverneur especially in the Village of Tupper Lake, Franklin County, N. Y.; that much of this furniture is sold on the installment plan; that plaintiff employs collectors to collect such installments; that this method is used in Tupper Lake village; * * * that plaintiff sells merchandise to residents of the Village of Tupper Lake by salesmen and collectors calling upon them, receiving orders, and the later delivery of the goods." The court found by its decision " that the plaintiff has been at various times selling furniture in the village of Tupper Lake, employing collectors to make collections and to take orders for furniture to be delivered at a later date. That such solicitation was not regularly done by going from house to house, but in some instances solicitation was made to strangers for future delivery. That plaintiff is not a peddler as that term is commonly understood." The finding has nothing to sustain it except the stipulation quoted and in so far as it is at variance therewith it should be modified. The foregoing recitals make it evident that technicalities have been so little regarded that much must be overlooked in order to permit a decision to be made by this court on the merits. We feel justified in doing this as objection has not been made to the form of the decision or judgment. Substantial justice, however, requires that we consider the decision to be amended to conform with the stipulated facts.

In determining the extent of the police power, it is well to recall that " the needs of successive generations may make restrictions imperative today which were vain and capricious to the vision of times past " (*Klein* v. *Maravelas*, 219 N. Y. 383, 386) and " that which seems vain and capricious to one generation may become the wisdom of the next " (*People* v. *Beakes Dairy Co.*, 222 N. Y. 416, 428). The authority of a village to enact ordinances is granted by the Legislature. This delegated authority must be exercised for the public weal. (*Scott* v. *Village of Saratoga Springs*, 199 N. Y. 178; *MacMullen* v. *City of Middletown*, 187 id. 37.) The board of trustees of the defendant village is permitted to regulate any business which involves " soliciting orders and the crying of goods, wares, merchandise or other commodities in the streets and public places and by going from house to house." In so far as the ordinance exceeds the legislative grant it is *ultra vires.* Defendant is authorized to protect the public weal in this connection, not to pass a revenue act. Seventy-five dollars per day, which is authorized as the price of a license, may offend in this regard. Plaintiff is

not concerned generally with the constitutionality of the ordinance. He is concerned whether under its terms lawful acts which he and his servants seek to perform may be restrained. ·

Under the police power an ordinance must have real and substantial relation to the public safety, health, morals or general welfare. Neither the Legislature nor the village authorities may under the guise of promoting the general welfare, interfere with lawful private business. Liberty means not only freedom from imprisonment or restraint, but the right to live and work and earn a livelihood in any lawful calling or to pursue any lawful trade or avocation. (*Fisher Co.* v. *Woods,* 187 N. Y. 90; *People ex rel. Tyroler* v. *Warden of Prison,* 157 id. 116; *Colon* v. *Lisk,* 153 id. 188.) Plaintiff may send collectors within the corporate limits of defendant to receive moneys due and owing him, otherwise these municipal boundaries would establish a sanctuary within which the harassed debtor might take refuge safe from the importunities of his creditors. The quoted portion of the Village Law deals with public hawking and vending and soliciting of orders for goods present and on display in the public streets or places of the village by " crying " the wares in the streets or from house to house. (*Village of Stamford* v. *Fisher,* 140 N. Y. 187; *Thousand Island Park Association* v. *Tucker,* 173 id. 203.) It was not intended to prevent the display of a catalogue in the privacy of a residence. If the real purpose of the ordinance is to stifle competition and increase the business of furniture dealers with stores in the village, it may not be sustained. " To justify the State in interposing its authority in behalf of the public, it must appear that the interests of the public generally, as distinguished from those of a particular class, require such interference and that the means are reasonably necessary for the accomplishment of the purpose and not unduly oppressive upon individuals." (*Fisher Co.* v. *Woods, supra,* p. 94.)

The judgment should be reversed on the law and facts, with costs, and the plaintiff should have judgment for the relief demanded in the complaint, with costs.

RHODES, CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment reversed, on the law and facts, with costs, and judgment in favor of the plaintiff for the relief demanded in the complaint granted, with costs.

The court reverses finding of fact numbered 3 and such findings of fact as are contained in the portion of the decision captioned " Conclusions of Law."

The court makes the following new findings of fact: That plaintiff and his agents visited the defendant village for the purpose of

collecting installments due upon furniture. They carried catalogues and received orders for furniture to be delivered at a later date from plaintiff's store at Gouverneur, N. Y. Such activities are not within the purview of the ordinance passed by the board of trustees of defendant village on September 20, 1927, and pleaded in the answer.