EDITH PRICE, Plaintiff, *v.* S. WENTWORTH HORTON and Others, Defendants.

Supreme Court, Special Term, Suffolk County, March 10, 1939.

*Harry A. Davidow*, for the plaintiff.

*Terry & Krupski* [*Stanley Fowler* of counsel], for the defendants.

Daly, J. The plaintiff has by this action challenged the validity of a " hawking and peddling ordinance " which the defendants, constituting the town board of the town of Southold, Suffolk county, N. Y., adopted on August 26, 1932. So far as material, the text of the ordinance is as follows:

" *Resolved* that pursuant to Art. 10, Sec. 210 of the Town Law, the hawking and peddling of goods or produce in streets or public places, or the vending of the same by calls from house to house, without a license in the Town of Southold (excepting so much as lies within the incorporated Village of Greenport) is hereby prohibited, but such prohibition shall not apply to the peddling of meats, fish, fruit or farm produce, to the sale by sample or prospectus of goods, books, or other merchandise where the same are not delivered at the time the order therefor is taken, or to peddling by any person or corporation in this State, provided no sale is made by such person or corporation of dry goods, clothing, drugs or articles of food and all sales are wholly or partly by barter for merchandise, or so as to require a license from an honorably discharged soldier, sailor or marine of the military or naval service of the United States who has obtained a license from the county clerk to hawk, peddle, vend or solicit trade, in pursuance of the law.

" This act does not apply to any person, firm, or corporation who has within the said Town of Southold a regularly established store or warehouse to which orders may be given through a delivery man according to the usual custom."

This enactment is urged to be invalid and unconstitutional upon two grounds, viz.: (1) That it discriminates between merchants who have and those who have not an established place of business in the town; (2) that the license fee of $100 provided in the ordinance is excessive and unreasonable.

The plaintiff does not conduct " a regularly established store or warehouse " in Southold; hence must obtain, under the aforesaid ordinance, a license to hawk and peddle, upon the payment of the prescribed fee. This provision she contends is discriminatory and contrary to section 80 of the General Municipal Law which prohibits discrimination against non-residents. She argues that while *she* must obtain a license, not having a regularly established store or warehouse in the town, a person who does have such a store or warehouse need not.

In this interpretation the plaintiff has completely ignored the last portion of the last paragraph of the ordinance. The enactment does not exempt from the necessity of obtaining a license to peddle *all* those who have a regularly established store or ware-

house in the town; it exempts those only who have "within the said town of Southold a regularly established store or warehouse *to which orders may be given through a delivery man, according to the usual custom."* (Italics mine.) In other words, *all unlicensed* peddling or hawking is prohibited, whether by a person with or without a regularly established store or warehouse in the town. Even a person who has an established business or warehouse in the town, if he hawks or peddles, as distinguished from merely securing orders through delivery men, must procure a license. The ordinance, therefore, makes no discrimination between residents or non-residents, and is not invalid upon that ground. (See *People ex rel. Jones* v. *Judge,* 152 Misc. 571.)

Serious, however, is the attack upon the ordinance because of the amount of the license fee. It is settled law that such a fee should be sufficient merely to compensate for the expense of issuing and recording the license, securing police control over the matter licensed, and the cost of inspecting and regulating the particular business. (*People* v. *Jarvis,* 19 App. Div. 466; *People* v. *Hervieux,* 134 Misc. 711; *Dugan Bros. of New Jersey, Inc.,* v. *Dunnery, etc.,* 150 id. 645; affd., 242 App. Div. 779.)

The defendants have directed the court's particular attention to the case of *Dugan Bros. of New Jersey, Inc.,* v. *Dunnery, etc.* (*supra*), as presenting a situation analogous to the case at bar. In that action a peddling ordinance requiring the payment of a fifty-dollar annual license fee was upheld as reasonable. On the basis of the situation there presented, the defendants urge that the $100 fee required by the ordinance under consideration is reasonable.

A careful consideration of the evidence presented in the instant case, however, leads the court to the conclusion that a fee in Southold twice the amount in the village of Suffern is not warranted. Upon the evidence, such a fee is in excess of reasonable compensation for the cost of issuance and recording of the license and inspecting and regulating the business licensed.

What was said by Mr. Justice WITSCHIEF in *Dugan Bros., Inc.,* v. *Zorn* (145 Misc. 611, 612) is equally applicable in the instant situation: " The right to impose a reasonable license fee is undoubted, but the license fee imposed in this case is not reasonable and cannot be upheld."

Judgment must, therefore, be rendered for the plaintiff. No costs. Submit judgment on notice.