JACOB MILLER et al., Plaintiffs, *v.* CITY OF LONG BEACH, Defendant.

Supreme Court, Special Term, Nassau County, August 2, 1954.

*Jack Reinstein* for plaintiffs.

*Irving J. Schultz, Corporation Counsel,* for defendant.

HUNTINGTON, J.   Plaintiff Miller, the holder of a New York State Liquor Authority wholesale beer license for premises located at 760 Park Place, Long Beach, New York, and the plaintiff Thompson, who is the holder of a New York State Liquor Authority wholesale beer license for premises at No. 650 Long Beach Road, Oceanside, New York (not in the city of Long Beach) have joined in bringing an action for declaratory judgment against the City of Long Beach, declaring that certain ordinances under which the officials of said city claim that the plaintiffs respectively may not conduct business within said city without first obtaining a license from the City of Long Beach for the sale of soda and soft drinks in connection with such wholesale beer business is illegal, unlawful and invalid.   The complaint also prays for a permanent injunction perpetually enjoining the defendant from " interfering with the lawful conduct of the plaintiffs' businesses " and " perpetually enjoining the defendant from such interference and from enforcing such ordinance against the plaintiffs ".

The defendant, City of Long Beach, moves: "For an order pursuant to Rule 106, subd. 5 of the Rules of Civil Practice, dismissing the complaint of the plaintiff herein upon the grounds that it does not state facts sufficient to constitute a cause of action in that it requests relief suspending the governmental function of the City of Long Beach insofar as it affects plaintiffs' business."

Ordinance No. 379 as amended up to March 1, 1954, provides that it shall be unlawful for any person to engage in or carry on any business, trade or calling in the city of Long Beach, "unless a license as herein provided for shall be first obtained".

The ordinance contains a great number of provisions and requires license fees to be paid in amounts ranging from $2 to $250 for a total of sixty-three different business enterprises.

Prior to March, 1954, no city license was required in connection with the business conducted by the plaintiffs respectively. On March 2, 1954, apparently because the plaintiffs sell soda and soft drinks (as permitted under the Alcoholic Beverage Control Law and by the State Liquor Authority Rules and Regulations) the ordinance was amended by including a requirement that "distributors, manufacturers and bottlers who sell at wholesale or retail, soda and drinks", be required to obtain a license annually and pay an annual license fee of $50.

The complaint alleges two separate causes of action, one on behalf of the plaintiff Miller and one on behalf of plaintiff Thompson.

Defendant now moves to dismiss the complaint herein as insufficient under rule 106; and the question raised is whether the defendant City of Long Beach has power to require such license and to fix a license fee of $50 per year on the sale of soft drinks by the plaintiffs. The primary business of both plaintiffs is that of beer distributors. This is the major part of the business for which plaintiffs respectively hold licenses from the Alcoholic Beverage Control Board of New York State. It is as an incident of that business that soft drinks are sold.

Plaintiffs' type of business was not specifically covered in the lengthy schedules of the ordinance, prior to the March, 1954, amendment. By way of analogy it may be noted that delicatessens, grocery stores and fountains, which are establishments which regularly and usually include soft drinks among their wares, call for a license fee of $10. The license fee for luncheonettes, restaurants, and refreshment stands is $15.

Subdivision 5 of section 5 of the ordinance contains a catchall provision requiring a $2 license fee from businesses not otherwise covered. These last-mentioned fees are not changed by the 1954 amendment.

Indeed, in a previous prosecution by the city it was held that a $2 fee under the " catch-all " clause was the one which applied in plaintiffs' case.

The city does not attempt to justify the ordinance in question as a tax measure, but rather as a valid regulatory provision in the exercise of the police power, citing subdivisions 4 and 9 of section 74 of the charter of the City of Long Beach giving the city council authority: " 4. to regulate and license occupations and businesses of every description; * * * 9. To pass such other and further ordinances not inconsistent with the laws of the state as shall be deemed expedient for the good government of the city, the protection of its property, the preservation of peace and good order, the suppression of vice, the benefit of trade or commerce, the preservation of health, the prevention and extinguishment of fires, and the exercise of its corporate powers and the performance of its corporate duties."

This is similar to the grant of power considered in *Saidel* v. *Village of Tupper Lake* (254 App. Div. 22, 24), where it was observed: " Defendant is authorized to protect the public weal in this connection, not to pass a revenue act."

No authority has been cited to show that the city has any power to levy a tax of this description, which as such would be in the nature of an excise tax.

Therefore, treating the problem as a licensing matter, which by its own terms it purports to be, the question arises is the license fee of $50 for the sale of this single product unreasonable and arbitrary? I think that it is. The test for determining this question is well stated in *Smart* v. *City of Albany* (146 Misc. 60, 63): " On the other hand, where the license fee is *imposed in the exercise of the police power*, it must be such a fee only as will legitimately assist in regulation of the business or occupation, and it should not exceed necessary or probable expense of issuing the license and of inspecting and regulating the business which it covers. (*Ward* v. *Maryland,* 12 Wall. 418; 20 L. Ed. 449; *City of Jacksonville* v. *Ledwith,* 26 Fla. 163; 7 So. 885; *City of Ottumwa* v. *Zekind,* 95 Iowa 622; 64 N. W. 646; *State* v. *Angelo,* 71 N. H. 224; 51 A. 905; *Woodruff* v. *McGrath,* 32 N. Y. 255; *People* v. *Jarvis,* 19 App. Div. 466.) " (Emphasis supplied.)

Plaintiff is engaged in one of the most completely regulated businesses in the State which would include the nonalcoholic as well as the alcoholic part of his business, but assuming that the former is subject to concurrent and not inconsistent regulation by the city, it is not apparent what relation exists, or could exist, between a license fee of $50 and the sale of these innocuous, carbonated, soft drinks not manufactured or bottled on the premises where they are sold. The unreasonableness of the license fee, and the conclusion that it is an attempt to impose a tax under the guise of licensing, is even more evident when we consider that the license fee for delicatessens, fountains, and grocery stores is only $10; and the license fee for luncheonettes, refreshment stands and restaurants is only $15. It may be deemed a matter of common knowledge, beyond successful contradiction, that all of the businesses just mentioned include the sale of soda and soft drinks, in addition to selling all kinds of food and many other items.

What has been said applies to both Miller and Thompson; but as to Thompson there is even less justification for contending that the license fee is warranted to defray the cost of administration, because his place of business is not even located within the city of Long Beach. Taking orders from customers without peddling or house to house canvassing is not a business subject to licensing by defendant (*Saidel* v. *Village of Tupper Lake,* 254 App. Div. 22, *supra*).

The court has noted plaintiffs' contention that regulation of the sale of alcoholic beverages by the State Liquor Authority under the Alcoholic Beverage Control Law and the rules promulgated by the Authority (including rule 29 [N. Y. Official Compilation of Codes, Rules & Regulations, 1950, p. 231] relating to incidental sale of nonalcoholic beverages) preclude any licensing or regulation whatever by the city. In my opinion, this contention is not in accordance with the law, and is not sustained by the cases which plaintiffs cite. Moreover, rule 29 relates only to *records* which must be kept by the holder of the liquor license (except for permitting use of a common loading platform and common trucking, and solicitation of orders for both types of beverages by the holder of an appropriate solicitor's license).

The motion to dismiss the complaint is in all respects denied. Submit order.