Abbaham Schlissel, J.
Bach of the above-named defendants has been charged with having carried on the business of milk deliveries at various locations within the City of Long* Beach ££ without having obtained a mercantile license or permit therefor, all in violation of Chapter 5, Article 2, Section 5-113 of the Municipal Code of the City of Long Beach, enacted by the Council of the City of Long Beach on December 3, 1957.”
By stipulation of counsel these matters were submitted for the court’s determination without the taking of any testimony, it being conceded by defendants that the factual situation necessary to support a finding of guilt exists if the statute here involved is constitutional.
Defendants contend that such statute violates the Constitutions of the United States and of this State and is unreasonable, arbitrary and excessive in its imposition of a $100 annual tax on milk dealers. Defendants do not contest and indeed concede the city’s power to pass reasonable regulations for the conduct of business within its confines in order to safeguard the health, welfare and well-being of its inhabitants.
Citing People v. Jarvis (19 App. Div. 466, 469), defendants argue that £ 6 £ when a municipal corporation is given the power to license useful trades or occupations, it cannot use the license as a tax to raise revenue ’ ”, The city, acknowledging the above-stated restriction upon its power to impose a license fee, argues that the charge here imposed and now under consideration is reasonable and not, as defendants insist, excessive.
After carefully considering the various contentions of the city and of the defendants the court has concluded that ££ it is not apparent what relation exists, or could exist, between a license fee ” of $100 and the defendants’ sales of their milk products (Miller v. City of Long Beach, 206 Misc. 104, 108).
As the city itself recognizes through citation of such authorities as Sperling v. Valentine (176 Misc. 826); Price v. Horton (170 Misc. 899), and Dugan Bros. v. Dunnery (150 Misc. 645, affd. 242 App. Div. 779): ££ A license fee should be sufficient merely to compensate for the expense of issuing and recording the license, and by inspecting and regulating the particular business, and to secure police control of the matter licensed.”
*434 In none of the cases to which this court’s attention has been directed has a $100 annual fee been sustained; in Dugan (supra) a $50 charge was upheld but, on the other hand in Miller v. City of Long Beach (206 Misc. 104, supra), involving another tax imposed by our City Council, a $50 levy was struck down as unreasonable.
This court is unable to perceive any substantial difference between the soda distribution business involved in Miller and the milk distribution business here under discussion; in neither did it appear that the products being sold or distributed by defendants were manufactured, bottled or otherwise processed within this city. Surely such differences as there may be between the distribution of soda and of milk can hardly be considered as so substantial as to justify a $100 tax on milk, whereas a $50 levy on soda was considered excessive and unconstitutional.
This court is aware of recent and continuing inflationary tendencies. However, it is unconvinced that such inflation has so far proceeded as to justify a $100 imposition in 1961 while a $50 levy was struck down in 1954 (Miller, supra). Defendants ’ challenge to the statute is sustained and the several informations dismissed.