OPINION OF THE COURT
Jack Mackston, J.
Defendant is charged by a police officer with a violation of section 14-14 of the Code of Ordinances of the City of Long Beach, in that on October 10, 1977, he conducted business, without first obtaining a mercantile license. He now moves to dismiss the information on the ground that the ordinance, as supplied to him, is unconstitutional. (CPL 170.30, subd 1, par [a]; 170.35, subd 1, par [c].)
The parties agreed to the following facts: that on October 10, 1977, defendant Robert Torres, an employee of Hosier Safe *778 Company (Hosier), was servicing an alarm system at HcLellan Store, 50 West Park Avenue, Long Beach, New York, a patron of Hosier. Neither Hosier nor Torres had acquired a mercantile license prior to doing the work, nor did they have a place of business in the City of Long Beach. Hosier’s service facilities are located in Woodside, New York.
Section 14-14 of the Code of Ordinances of the City of Long Beach provides: "It shall be unlawful for any person to engage in or carry on any business, trade or calling in the city, or to aid or assist as an employee, clerk or otherwise in the carrying on of a business, or to use any wagon, vehicle, stand, store, place or thing, or sell or offer for sale any goods or things unless a license required by this Code or other ordinance of the city shall have been first obtained.”
It is fundamental that determination of constitutional issues requires a balancing of conflicting interests — here defendant’s freedom to conduct business as opposed to the city’s interest in providing for the public good.
Police power rests with the State and may not be exercised by a municipality except through legislative delegation (Bon-Air Estates v Building Inspector, 31 AD2d 502).
Section 14-14 of the Code of Ordinances of the City of Long Beach was enacted pursuant to authority conferred by subdivision 13 of section 20 of the General City Law, which provides: "Grant of Specific Powers — Subject to the constitution and general laws of this state every city is empowered * * * To maintain order, enforce the laws, protect property, and preserve and care for the safety, health, comfort, and general welfare of the inhabitants of the city and visitors thereto; and for any of said purposes to regulate and license occupations and businesses.”
In order to satisfy constitutional prerequisites the ordinance must tend "in a degree that is perceptible and clear” to preserve the public safety and general welfare, by means reasonably necessary to achieve that end, and which are not unduly oppressive to individuals. (Fisher Co. v Woods, 187 NY 90, 94; Cowan v City of Buffalo, 247 App Div 591.)
The validity of an ordinance may be determined from the face thereof or by extrinsic evidence. In the latter case, form is secondary to substance and it is the operative effect of the law’s application to the particular case at hand that must be considered. (Monarski v Alexandrides, 80 Misc 2d 260.)
*779 In the present case it is important to note that the ordinance does not test competency or provide criteria for measuring one’s ability to adequately perform specific work. (People v Beach Med. Arts Lab., 85 Misc 2d 1078.) That being the case, it does not follow that its application to out-of-town tradesmen such as defendant would further the public welfare or safety. As was said in Saidel v Village of Tupper Lake (254 App Div 22, 25): "Under the police power an ordinance must have real and substantial relation to the public safety, health, morals, or general welfare. Neither the legislature nor the village authorities may, under the guise of promoting the general welfare, interfere with lawful private business. Liberty means not only freedom from imprisonment or restraint, but the right to live and work and earn a livelihood in any lawful calling or to pursue any lawful trade or avocation.”
Had the ordinance provided minimum standards of proficiency for electrical work within the city, it might reasonably be argued that its application to all electricians regardless of their place of buinsess would be in the public interest. However, it does not.
The contention that application of section 14-14 of the Code of Ordinances of the City of Long Beach to business properties within Long Beach would enhance public safety by facilitating inspections and insuring greater compliance with building and fire codes (Kerry Holding Corp. v City of Long Beach, NYLJ, April 15, 1977, p 14, col 3) does not justify its application to defendant who has no such place of business in Long Beach. (Miller v City of Long Beach, 206 Misc 104.)
Accordingly, and without a doubt based upon reason, the court finds the application of section 14-14 of the Code of Ordinances of the City of Long Beach to the defendant, under the facts of this case, to be an arbitrary infringement of his liberty and upon McLellan’s store’s right to select whatever servicemen it chooses, since the subject ordinance does not test proficiency or competence. It is not for government to interfere with defendant’s right to work where there is no logical connection between the public welfare and the means chosen to achieve it.
The ordinance in its present application is found to be unconstitutional and the information is dismissed.