OPINION OF THE COURT
Gerard E. Delaney, J.
On April 28,1981, the Town of Clarkstown, Rockland County, New York, enacted a Local Law No. 7 as Code of the Town of Clarkstown (Code), chapter 22A (Amusement Devices). Section 22A-2 of such Code required any person seeking to operate or maintain, inter alla, “any electronic or video game” within the town to first obtain a permit for such use by application and the payment of a license fee of $25 for each such amusement device. However, Code § 22A-2 was amended on June 8, 1982, by Local Law No. 8 which raised the fee for a permit/license for each machine to the sum of $125 each, i.e., a 500% increase in the original permit fee enacted approximately 14 months earlier.
All of the plaintiffs herein are owners of coin-operated amusement devices within the Town of Clarkstown and have quite naturally objected to this staggering increase in the fee amount per device. Plaintiffs jointly own and control approximately 235 such amusement devices and the newly enacted fee of $125 per device distributed jointly among the plaintiffs comes to a total of approximately $30,000, whereas prior to such fee increase the total sum expended by plaintiffs for such applications per device would have totaled approximately $6,000.
*544 Plaintiffs allege, inter alia, that the fees imposed bear absolutely no reasonable relationship to the cost incurred by the defendants in the issuance of the license and the inspection of the premises. It is claimed there was no evidence before the Town Board to justify the quintupling of the fee nor was there evidence indicating the cost for licensing, regulating and inspecting such machines. It is noted also that prior to the enactment of the amendment increasing the fee, plaintiffs had entered into long-term leases with the proprietors of the establishments where such devices were situated and based their anticipated revenues upon the previous sum of $25 per machine. It is also plaintiffs’ position that such fees have been, therefore, enacted purely for the purposes of raising revenue and not for the alleged proper purpose of regulation. Therefore, plaintiffs commence the instant action for declaratory judgment as against such ordinance and now move for summary judgment inasmuch as they claim there is no issue of fact but only of law.
Defendants in response and in opposition to this motion claim that the issue of fact which would preclude its granting is that of legislative intent involved and that, therefore, this motion should be denied. This court disagrees. Whatever issue there may have been as to legislative intent in the enactment of such ordinance originally, it is certainly clear from the defendants’ affidavit wherein members of the Town Board speak in substance to the control and regulation of video machines as follows: “Socially unredeeming coin-operated video amusement games”; which “psychologically mesmerize or robotize children”; which such machines cause such children to “squander pocket money * * * teach violent and aggressive behavior * * * lead children to truancy * * * neglect of homework * * * damage of eyes * * * encourage betting * * * to prevent gambling and pornography * * * [which such] insidious and unredeeming amusement devices” cause a “hypnotic effect on youngsters” and by use of these “parasitic machines” such children “waste hours in dark and noisy video dens” and the “Town Board felt the spreading video industry must be regulated and increasing their license fee was a start * * * If all video machines were voluntarily removed from town * * * the town would be better off [as such machines] attract crowds of youth [which are] a very real and potential source of trouble”.
“You got trouble my friend, right here in River City, with a Capital T and that rhymes with Vee, and that stands for Video”. (Robert Preston, The Music Man — with apologies.)
The problem, as pointed out by plaintiffs, is that the only regulation of the businesses or machines is the issuance of a *545 license upon payment of the fees. There is, in fact, no inspection or regulation of the businesses nor of the devices themselves except to determine whether or not such devices display the sticker permit. Inasmuch as it is alleged, therefore, that the only “regulation” which takes place is the police in some instances stopping by during the course of their normal duty hours to determine whether or not such machines bear the appropriate license sticker that such fees are, therefore, an improper enactment by the Town of a revenue-gaining device, which such funds go directly into the general operating budget of the Town. Pretrial examination of defendant has shown no rational basis for the determination of the Town that the fee, $125 per device, was reasonably related to the cost of administering the ordinance. Indeed, the ordinance itself is, therefore, self-generating inasmuch as the only regulating to be done by the Town is determining whether or not the fee itself has been paid. “A license fee has for its primary purpose the regulation or restriction of a business deemed in need of public control, the costs of such regulation being imposed upon the business benefited or controlled” (American Sugar Refining Co. v Waterfront Commn., 55 NY2d 11, 26-27). “The general rule is that the municipal power to regulate a business, occupation or activity embraces and implies the power to license as a mode of regulation and to impose a license fee sufficient in amount to cover the cost of regulation”. (Matter of Torsoe Bros. Constr. Corp. v Board of Trustees of Inc. Vil. of Monroe, 49 AD2d 461, 464.) “[W]here a license or permit fee is imposed under the power to regulate, the amount charged cannot be greater than a sum reasonably necessary to cover the costs of issuance, inspection and enforcement * * * To the extent that fees charged are exacted for revenue purposes or to offset the cost of general governmental functions they are invalid as an unauthorized tax”. (Supra, at p 465; see also, Mobil Oil Corp. v Town of Huntington, 85 Misc 2d 800; Town of N. Hempstead v Colonial Sand & Stone Co., 14 Misc 2d 727; Sperling v Valentine, 176 Misc 826.)
Police inspection and regulation is part of the ordinary work of the police force everywhere and it cannot be used to uphold a license fee. (Dugan Bros. v Zorn, 145 Misc 611.) Other than the actions of the town clerk in preparing lists of those machines affected in issuing the appropriate permit stickers, there is in effect no “regulation” which takes place by defendant. The moneys garnered go into the general Town fund and it is more than adequately apparent from the affidavits of the Town Board members that the function of the raising of the per device fee from $25 to $125 was not for regulation but to prevent the *546 spread of the video industry within the Town by imposing an unrealistically high, given the circumstances, fee for each machine in order to make the cost of doing business for plaintiffs unreasonably high in the initial application.
In the opinion of this court, such fee was not only arbitrarily determined in its amount but the defendant has failed to show a rationale for realistic relationship between the licensing fee and the cost by the Town to process such applications and “regulation” of such machines. (Cf. Melron Amusement Corp. v Town of Mamaroneck, Supreme Ct, Westchester County, index No. 17378/81, Dec. 30,1982, Beisheim, J.) While the Town has been granted authority under Town Law to enact fees in certain matters, there is implied therein a limitation that the fees charged must be reasonably necessary toward the accomplishment of the statutory purpose. (Cf City of Buffalo v Stevenson, 207 NY 258.) Such power to exact fees must be circumscribed by a limitation that such fees charged must be reasonably necessary to the accomplishment of their regulatory program. (Cf. Jewish Reconstructionist Synagogue N. Shore v Incorporated Vil. of Rosyln Harbor, 40 NY2d 158; see also, Orange & Rock-land Utils, v Town of Clarkstown, 80 AD2d 846.) There is an additional requirement that fees imposed “should be assessed or estimated on the basis of reliable factual studies or statistics”. (9 McQuillin, Municipal Corporations, § 26.36, at 78.)
Accordingly, the court does find, declare and adjudge on plaintiffs’ first cause of action that the fee promulgated pursuant to the Town of Clarkstown Code § 22A-2 as amended June 8, 1982, is unconstitutional as applied and is clearly disproportionate to the cost of issuance, inspection and regulation as takes place within the Town.
Judgment for plaintiff on cause of action No. 1 declaring the enactment in 1982 of the amendment of Town Code § 22A-2 wherein such fee per machine was raised to the sum of $125 is declared unconstitutional and such fee shall revert nunc pro tune to the original fee of $25 per device.
On plaintiffs’ second cause of action the court does declare and adjudge in plaintiffs’ favor and finds under the circumstances that such amendment as discussed above was not only for the legitimate purpose of “regulating” such devices but also for the illegal purpose to serve both as a de facto revenue raising device and to limit the number of such machines in an arbitrary and capricious manner.
It should be noted that this court does not determine the Town is without power at all to enact a fee schedule/license fee for the *547 utilization of such machines. What is needed, however, is for the Town to be able to show some rational relationship between the fee enacted and the regulatory process which on this motion for summary judgment has not been done.
In light of the above two rulings and it appearing that neither party has actually briefed or argued plaintiffs’ motion as to the third cause of action, such action is dismissed without prejudice as moot.
Plaintiffs’ fourth cause of action sounds in one for damages only.
Motion for summary judgment granted on liability only and the plaintiffs shall schedule an inquest to be held in Supreme Court, Rockland County, in Special Term, on notice to defendants as to the amount of such damages, if any.