*662 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Pursuant to authority vested in the Police Commissioner by the New York City Charter, the commissioner promulgated departmental rules and regulations prohibiting both printed advertisements in publications evincing an affiliation with the police department and the solicitation of any funds or contributions which will be used in connection with a matter affecting the department or its personnel unless prior authorization was granted by the Inspectional Services Bureau. We agree with the courts below that the commissioner could, in furtherance of his express statutory duty to assume responsibility and control of the internal workings of the department and his inherent power to promote integrity and efficiency therein, restrain appellants from soliciting funds from the public by the sale of advertising space in a souvenir journal of the annual Policemen’s Ball of 1978 and from requesting donations from the public in connection with the annual affair. (Cf. Matter of Purdy v Kreisberg, 47 NY2d 354.) While the commissioner’s power to promulgate and enforce regulations, however broad, is not without limitation, it is apparent that, in the context of this case, strict enforcement of these regulations serves the legitimate public concern of ensuring integrity within the police department.
Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur in memorandum.
Order affirmed.