OPINION OF THE COURT
Rockwell D. Colaneri, J.
This is a motion to dismiss the informations currently pending against these defendants. Defendant Charles Weyman is charged with a violation of section 3(e) of Suffolk County Local Law No. 2-79. Defendant Donald Urbanski is charged in two separate informations, with violations of sections 3(a) and (e) of Local Law No. 2-79, as is defendant State of New York District Attorney Investigators, Police Benevolent Association, Inc.
These charges apparently arise as a result of the activities of these individuals and the association in raising revenue for the publication of the Empire State Investigator, a monthly newspaper of particular relevance to police officers. The revenue is raised by soliciting members of the public to purchase advertisements in the newspaper. After warnings to the defendants that their activities were in violation of the provisions of Local Law No. 2-79 considered here, the present informations were filed. Now the defendants attack the legality of those provisions of the Local Law and their application in the present case.
Section 3(e) provides: "No law-enforcement officer, law-enforcement affiliated organization or professional fund raiser, may solicit funds or contributions for or on behalf of any law-enforcement-affiliated organization within the geographical area of Suffolk County if the law-enforcement-affiliated organization which would benefit from such solicitation is not comprised of at least 90% of its members who are residents of the County of Suffolk.”
The court agrees with the defendants’ assertions as to the invalidity of this provision. Section 80 of the General Municipal Law provides that "[a]ny restriction or regulation imposed *227 by the governing board of a municipal corporation upon the inhabitants of any other municipal corporation within this state, carrying on or desiring to carry on any lawful business or calling within the limits thereof, which shall not be necessary for the proper regulation of such trade, business or calling, and shall not apply to citizens of all parts of the state alike, except ordinances or regulations in reference to traveling circuses, shows and exhibitions, shall be void.” The county is a municipal corporation to which this provision applies. (General Construction Law, § 66, subd 2.)
This provision of the General Municipal Law is a reflection of the constitutional mandates of equal protection of the laws. (US Const, 14th Amdt, § 1; NY Const, art I, § 11; see Schrager v City of Albany, 197 Misc 903; 9 NY Jur, Constitutional Law, § 304.)
By favoring certain individuals or organizations on the basis of the residence of the organization’s members, section 3(e) of Local Law No. 2-79 seems to fall within the condemnation of section 80 of the General Municipal Law. The local law provision is one which disadvantages nonresidents with no apparent necessity for the proper regulation of Suffolk County police officers. And, even if section 80 of the General Municipal Law is not directly applicable in the present case, the underlying constitutional considerations dictate that section 3(e) of Local Law No. 2-79 is unenforceable. Accordingly, it is void and the informations charging violations of this section must be dismissed. (CPL 170.30, subd 1, par [a]; 170.35, subd 1, par [c].)
However, the court finds that defense counsel’s arguments as they relate to section 3(a) of Local Law No. 2-79, fail to identify or raise any legal deficiencies. The arguments raised in regard to section 3(a) are that it violates the defendants’ "right to Freedom of the Press and [is] applied in an arbitrary and capricious manner. More specifically it is argued that the law is not applied against sales representatives for the New York Times, Daily News, New York Post and News-day.” It is claimed that since the solicitation in which these defendants were involved was to obtain advertisements for a newspaper as well, section 3(a) results in discrimination against them in an unfair way.
The court cannot accept the defendants’ argument. Section 3(a) of Local Law No. 2-79 provides: "No law enforcement officer, law enforcement affiliated organizations or professional *228 fund raiser, may solicit funds or contributions by use of the telephone for or in behalf of any law enforcement affiliated organization or law enforcement department within the geographical area of Suffolk County as defined in Section 2.” The local law has no relation to the newspapers named by defense counsel; it is concerned with the regulation of conduct of police officers.
The court recognizes the strong presumption of the validity of a legislative enactment. (De Sena v Guide, 24 AD2d 165; see, also, Belle v Town Bd. of Town of Onondaga, 61 AD2d 352, 357-358.) The county legislature has the authority to enact legislation where such legislation "serves the legitimate public concern of ensuring integrity within the police department.” (McGuire v Krane, 48 NY2d 661, 662.) In exercising its judgment in that regard the Legislature may restrict what are otherwise assured constitutional rights. On a related topic the Court of Appeals has recently said, "[a]lmost 90 years ago, Judge Oliver Wendell Holmes articulated the rationale employed to uphold the constitutionality of a police regulation prohibiting officers from ’soliciting] money or any aid, on any pretense, for any political purpose whatever’ as follows: ’[TJhere is nothing in the Constitution * * * to prevent the city from attaching obedience to this rule as a condition to the office of policeman, and making it part of the good conduct required. The petitioner may have a constitutional right to talk politics, but he has no constitutional right to be a policeman.’ (McAuliffe v Mayor of New Bedford, 155 Mass 216, 220.)” (Matter of Purdy v Kreisberg, 47 NY2d 354, 361; see, also, Lecci v Looney, 33 AD2d 916, mot for lv to opp den 26 NY2d 612.) Here it should be noted that all that is restricted by Local Law No. 2-79 is the means of soliciting funds; there is no absolute prohibition. (See Matter of Marano v Incorporated Vil. of Lake Success, 86 Misc 2d 936, 938.)
Accordingly, the motion to dismiss is granted as to defendant Charles Weyman, and as to defendants Donald Urbanski and State of New York District Attorney Investigators, P. B. A., Inc., as to the informations alleging violation of section 3(e) of Local Law No. 2-79. As to the informations charging violations of section 3(a) of Local Law No. 2-79, the motion is denied.