■ In the Matter of ROBERT E. SMITH et al., Respondents, v ROBERT J. McGUIRE, as Commissioner of the Police Department of the City of New York, Appellant.—Judgment, Supreme Court, New York County, entered on July 6, 1979, affirmed on the opinion of Stecher, J., at Special Term, without costs and without disbursements. Concur—Murphy, P. J., Fein, Sandler and Carro, JJ.

Kupferman, J., dissents in a memorandum as follows: I would reverse and remand to the commissioner for further consideration. In this CPLR article 78 proceeding, the court at Special Term annulled a determination of the police commissioner. The petitioners are police officers who are shareholders (one police officer has since disposed of his interest, and so as to him, the matter is moot) in a company which sells pretzels outside Yankee Stadium as a subconcessionaire of the New York Yankeees organization. The stadium is leased by the Yankees from New York City. The petitioners applied to the commissioner for leave, during their time off from police duty, to participate in the affairs of the corporation with respect to keeping accounting records and controlling inventory and purchasing, but excluding supervisory functions. The deputy commissioner for legal matters of the police department recommended rejection of the application on the ground that there was a violation of section 2604 (subd b, par [1]) of the New York City Charter in that no "employee of the city or any city agency: (1) shall be or become interested directly or indirectly in any manner whatsoever except by operation of law in any business dealings with the city or any city agency." I cannot fault the decision at Special Term, which finds that the charter provision does not cover the situation. On this record there is no basis for contending that they are doing business with the city. However, there is an alternative ground given by the deputy commissioner for legal matters, in which he states: "Moreover, I agree with the Bronx Area Commander, that the interests of the Department would not be served by public awareness that those police officers are operating Yankee Stadium concessions." I believe that in an area of such high visibility as the Yankee Stadium and with the problems with street vendors, it could be considered improper for police officers to be engaged in such business transactions, and the commissioner would be warranted in refusing to grant permission for such activity. The commissioner has broad discretion "to assume responsibility and control of the internal workings of the department and * * * inherent power to promote integrity and efficiency therein". (See McGuire v Krane, 48 NY2d 661, 662.) However, inasmuch as the actual basis for the rejection is the reference to the city charter provision, I believe the matter should be remanded to the commissioner for the exercise of his discretion.