■ In the Matter of GEORGE F. PETRI, as President of the Police Benevolent Association of the Village of Hempstead, Inc., et al., Respondents, v GEORGE MILHIM, as Mayor of the Incorporated Village of Hempstead, et al., Appellants.—In a proceeding pursuant to CPLR article 78 to review a directive of the respondent Mayor of the Incorporated Village of Hempstead, dated October 16, 1985, which prohibited solicitation by or on behalf of the petitioner Police Benevolent Association of the Village of Hempstead, the appeal is from a judgment of the Supreme Court, Nassau County (Roberto, J.), entered September 4, 1986, which granted the petition and annulled the directive prohibiting solicitation.

Ordered that the judgment is reversed, on the law, with costs, the determination is confirmed, and the proceeding is dismissed on the merits.

The Mayor had the authority to stop the fund drive because of his supervisory activity over the police *(see,* Village Law § 4-400 [1] [e]). In addition, New York courts have upheld bans on police solicitations as reasonable measures to protect police integrity *(see, McGuire v Krane,* 48 NY2d 661; *Matter of Marano v Incorporated Vil. of Lake Success,* 86 Misc 2d 936; *Matter of Patrolmen's Benevolent Assn. v Kennedy,* 25 Misc 2d 63). Finally, rule 12 of article VI of the Rules and Regulations of the Police Department of the Village of Hempstead prohibits direct or indirect solicitations by police officers. The affidavits produced by the petitioners in an attempt to prove a contrary intent are immaterial in light of the clear and unambiguous language of the rule *(see, Matter of Washington Post Co. v New York State Ins. Dept.,* 61 NY2d 557, 565;

*Patrolmen's Benevolent Assn. v City of New York,* 41 NY2d 205, 208).

Therefore, in order to obtain the annulment of the Mayor's directive, the petitioners had to show that his action did not have a rational basis, and they have not sustained this burden *(Matter of Larkin Co. v Schwab,* 242 NY 330, 334-335). Mangano, J. P., Bracken, Eiber and Harwood, JJ., concur.