■ PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Respondent, v JOHN GRILLO et al., Defendants, and BING MARKEE, as President of the Port Authority Police Benevolent Association, et al., Appellants.—Order, Supreme Court, New York County (Harold Tompkins, J.), entered July 19, 1991, which granted plaintiff Port Authority's motion for a preliminary injunction enjoining defendant Port Authority Police Benevolent Association ("PBA"), its officers, agents, servants and employees and all other persons acting under them or on their behalf from soliciting funds of any kind, including, but not limited to, contributions or donations for a PBA Yearbook from Port Authority tenants, patrons or other persons doing business with the Port Authority, unanimously affirmed, without costs.

The IAS Court did not abuse its discretion in granting injunctive relief enforcing Port Authority regulation PAI 15-

5.01, section III, banning the solicitation by Port Authority employees of Port Authority patrons or tenants or others who do business with the Port Authority. The regulation clearly serves the Port Authority's interest in preventing the appearance of coercive conduct and overreaching by its employees.

New York courts have repeatedly upheld bans by police departments on solicitation by police officers and their agents as reasonable measures to protect police integrity *(McGuire v Krane,* 48 NY2d 661; *Matter of Petri v Milhim,* 136 AD2d 641, *appeal dismissed* 71 NY2d 965; *cf., Baron v Meloni,* 556 F Supp 796, 800, *affd* 779 F2d 36, *cert denied* 474 US 1058). This is in accord with Federal authority recognizing the right of governmental employers to regulate the speech of their employees with respect to matters bearing on their employment that are not of "public concern" *(Connick v Myers,* 461 US 138, 147-148; *Pickering v Board of Educ.,* 391 US 563, 568).

We have reviewed defendants' remaining arguments and find them to be without merit. Concur—Sullivan, J. P., Carro, Milonas and Kupferman, JJ.